REGAN, Judge.
The plaintiff, Percy J. Saul, owner and operator of an Oldsmobile Sedan, instituted this suit against Elliot Marx, operator of a Ford automobile, the Audubon Insurance Company, liability insurer of the Marx vehicle, and Herbert Jackson, owner and operator of a Chevrolet automobile, endeavoring to recover the sum of $174.61, representing property damage incurred by his car on July 5, 1954, at about 7:00 p. m., as a result of a collision in the intersection of Gentilly Boulevard and Marigny Street, this City.
Jackson pleaded the exceptions of no right or cause of action and then answered denying liability for the accident. He averred that the accident was due solely to the negligence of Marx and, in the alternative, pleaded the contributory negligence of Saul.
Defendants, Marx and the Audubon Insurance Company, answered and denied that Marx was guilty of any negligence whatsoever and asserted that the accident was caused by the joint negligence of Jackson and Saul and, in the alternative, pleaded the contributory negligence of Saul.
There was judgment below in favor of the plaintiff and against the defendants, Marx and Audubon Insurance Company, in the full amount prayed for. There was further judgment in favor of Jackson dismissing plaintiff’s suit as to him. From that judgment Marx and Audubon Insurance Company have appealed. The plaintiff did not appeal from that part of the judgment dismissing his suit against Jackson.
There were three vehicles involved in this collision and the record, as usual, reveals several versions thereof. However, we understand the facts to be as follows:
Marx was driving in the outbound roadway of Gentilly Boulevard or away from *100 the City of New Orleans and upon reaching the intersection of Marigny Street executed a left turn and brought his vehicle to a stop with the front end thereof protruding at an angle into the inbound roadway of Gen-tilly Boulevard; that instead of remaining stationary he permitted his vehicle to roll forward at which moment Jackson’s automobile, which was moving in that roadway and in the direction of the City of' New Orleans, struck the Marx vehicle causing it to roll back into the path of Saul’s automobile, which was moving in the outbound roadway of Gentilly Boulevard, causing the damage which is the subject matter of this litigation.
The record is replete with evidence to the effect that the area colloquially designated as the neutral ground in Gentilly Boulevard is too narrow to accommodate an automobile within its width and, in consequence thereof, either the front, rear or both ends of an automobile may protrude into the respective roadways of Gentilly Boulevard.
Counsel for Marx insists both in brief and oral argument that the existing jurisprudence, by analogy, permitted him to stop his vehicle exactly where he did and that the proximate cause of the collision was the negligence of Jackson in failing to maintain a proper lookout and thus avoid running into his vehicle and cites in support thereof the relative recent cases decided by this Court of Garrett v. Toye Bros. Yellow Cab Co., La.App.1952, 58 So.2d 418, and Paternostro v. Hartmann, La.App.1953, 67 So.2d 497, 498, wherein we said:—
“ ‘The situation in which plaintiff found himself is an interesting one, and such accidents as this will undoubtedly occur more and more frequently in the future. Of course, it ■ has been deemed advisable that neutral grounds on such streets be narrowed as much as possible so that the driveways for automobiles may be widened in order to accommodate the ever increasing traffic. But, with the narrowing of the neutral grounds there has come about the practical elimination of the safety zones which the wider neutral grounds formerly afforded. As a result, it has become extremely difficult for a car driver, intending to cross such a thoroughfare as Bienville Street, to do so in absolute safety. Had plaintiff waited before attempting to cross the upper driveway' until it was absolutely certain that he could cross both, it is possible that he might have had to wait for hours. He chose what seems to have been the proper course. He saw that he could cross the first roadway in safety and that, on reaching the neutral ground, he could assume a position which would afford comparative safety, provided drivers on the two roadways operated their cars with reasonable caution and did not attempt to completely monopolize the roadways.’ ”
However, we especially emphasized in both of these cases that “had the plaintiff driven his car even a foot or two into the second roadway when the taxicab (other vehicle) was so dose that the driver could not have avoided striking his car, he would certainly have been held to have been at fault. * *
The trial court in reaching its conclusion obviously relied upon Marx’ admission that after he had come to a stop, he permitted his car to roll forward into the inbound roadway of Gentilly Boulevard and it was either at this moment or a split second later that the collision occurred between the two vehicles which, of course, ultimately resulted in damaging plaintiff’s car. We are, therefore, of the opinion, as was the trial judge, that the accident was caused by the negligence of Marx.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.