REGAN, Judge.
The plaintiffs, Dorothy Mae Berzat, Vel-da Berzat, Paul Berzat and Jo Ann Pearly,[1] all guest passengers, filed this suit against the defendants, Ambrose Berzat and his liability insurer, C. H. & S. Lloyds, and Robert H. Smith and his liability insurer, State Farm Mutual Automobile Insurance Company,[2] endeavoring to recover on behalf of Dorothy Mae Berzat the sum of $15,000.00 and on behalf of each of the other plaintiffs, the sum of $7,500.00 representing damages incurred as the result of a rear end collision which they insist was caused by the concurrent negligence of Ambrose Berzat and Robert H. Smith.
*349 Smith and State Farm Mutual Automobile Insurance Company answered and denied that the accident resulted from any fault of Smith. They then explained that Smith reduced the speed of his vehicle in order to drive off of the highway and into a side road when the vehicle operated by Berzat rear ended the Smith vehicle, which they assert was due to the negligence of Berzat. These defendants also pleaded that the plaintiffs were negligent in riding in an automobile operated by a driver whom they knew to be careless and reckless, and that they were likewise negligent in failing to warn Berzat of the impending collision which they were aware of, and since they were on a joint venture with Ambrose Berzat, his negligence was imputed to them. They also filed a third party demand against Ambrose'Ber-zat and his insurer for the full amount prayed for or alternatively for one-half of that amount, since Berzat’s alleged negligence in operating his vehicle was the cause of the accident.
The defendants, Ambrose Berzat and C. H. & S. Lloyds, filed an answer [3] denying the existence of any negligence on the part of Berzat and asserted that the proximate cause of the accident was the fault of Smith, and prayed for dismissal of the suit against them and alternatively, for the apportionment of damages.
Following a trial on the merits, judgment was rendered against the defendants, Ambrose Berzat and C. H. & S. Lloyds, in favor of the plaintiffs awarding Jo Ann Williams $703.00, Velda Berzat $2,071.00, Paul Berzat $1,320.00 and Dorothy Mae Berzat $5,996.37. Lloyds’ liability was limited to $10,000.00, the maximum limit of liability by virtue of the provisions of the policy. The plaintiffs’ suit as well as the third party demand against Smith and State Farm Mutual Automobile Insurance Company were dismissed.
From that judgment, the defendants, Am-brose Berzat and C. H. & S. Lloyds, have prosecuted this appeal.
The plaintiffs answered the appeal praying that the judgment appealed from be affirmed as to Ambrose Berzat and C. H. & S. Lloyds but that it be amended so as to cast Smith and State Farm Insurance Company as liable in solido with their codefendants.[4]
The record discloses that about 6:30 A. M., on March 14, 1965, Ambrose Berzat was driving in a northerly direction in Louisiana Highway No. 1, a two lane roadway in Pointe Coupee Parish, accompanied by the plaintiffs, Dorothy Mae Berzat, Velda Berzat, Paul Berzat and Jo Ann Pearly Williams. The weather was cloudy, and there were patches of ground fog along the roadway. When Berzat’s vehicle approached a point somewhat south of Morganza Floodway Bridge, he observed a dark object in the roadway in front of him and he applied his brakes, after which, his car skidded and its right rear door and fender struck the left rear portion of the Smith vehicle, which was moving slowly toward the shoulder of the road, thus resulting in injuries to the plaintiffs.
Berzat laboriously related that he was driving in the northbound roadway at a speed of about 45 miles per hour, and since his visibility was hampered by patches of fog, he reduced his speed occasionally. When he was approximately 75 feet removed from the Smith vehicle, he saw a dark object in front of him in the northbound lane, and as there was an oncoming car in the left or southbound lane, he *350 decided to remain in the northbound lane, and he applied his brakes when he was about 10 feet from the object. To reiterate, his car skidded forward and then sideways with his right rear door and fender colliding with the left rear of the Smith vehicle, which he insists was parked in the right lane without its tail lights burning, although he did admit seeing a small, bright light on the left rear fender when he was about two car lengths away, and he also asserted that Smith gave no hand signals. He testified that Smith told him that he had stopped on the highway because he believed that one of his tires was “going flat”.
Smith testified that he purchased his 1949 Ford new and that he had changed the bulbs in the tail lights more than once and that they were burning when he was in New Roads shortly before the accident; however, after the accident, he observed that the brake lights were working properly, but the right tail light was out and the glass covering the left tail light was broken although the light itself was burning. He stated that he was watching an oncoming car in the southbound lane when the accident occurred, and for that reason, he failed to observe the headlights of the Berzat vehicle in his rear view mirror. He further testified that he was moving at a speed of about 10 miles per hour when he was preparing to turn off the highway for the purpose of checking a tire which he believed to be “going flat”.
The testimony of Thomas D. Guerin, the police officer who investigated the accident, was to the effect that Smith related to him that he was moving at a speed of about 10 miles per hour, and Berzat stated that he was driving at about 55 miles per hour in back of Smith in the northbound roadway. He further asserted that there was but one set of skid marks, which were those of the Berzat vehicle, and they were about 44 paces straight and 33 sideways. He stated that the impact occurred about 3 feet from the center line in the northbound lane at a distance of about 20 or 25 feet from the side road in which Smith informed him he intended to stop to check his tire. He stated that his investigation of the Smith vehicle revealed the brake lights were functioning properly, the left tail light was broken, but the bulb was burning, and the right tail light was out, but that this could have been caused by the accident.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted Smith’s version of the manner in which the accident occurred, and, therefore, concluded that Smith was free of any negligence which contributed to the accident, and that the proximate cause thereof was the negligence of Berzat in failing to maintain a safe speed, a proper lookout, in view of the prevailing weather conditions, that is, the fog, and in neglecting to apply his brakes in sufficient time to avoid rear ending the Smith vehicle.
The question which this appeal has posed for our consideration is whether that finding of the trial judge was so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The trial judge accepted Smith’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
The defendants, Berzat and C. H. & S. Lloyds, are to pay all costs of these proceedings.
Affirmed.

. Jo Ami Pearly was erroneously designated as Jo Ann Berzat. She is the stepdaughter of Ambi'ose Berzat, and since the accident, she has married and is now Mrs. Clieney Williams.

. State Farm Mutual Automobile Insurance Company was erroneously designated as State Farm Insurance Company.

. In an amended answer, O. H. & S. Lloyds alleged that clerical error was made in the effective date of the policy issued to Berzat, and that the accident complained of actually occurred at a time prior to commencement of coverage of its policy; however, there is no merit to this contention.

. The proper procedure for the plaintiffs to follow was to appeal from the judgment in favor of Smith and State Farm Insurance Company. See Barrios v. Noto, La.App., 215 So.2d 676 (1969).