DOMENGEAUX, Judge.
The plaintiff, Conrad Hutchinson, brought this action in tort to recover damages allegedly incurred as the result of a rear-end collision which he insists was caused by the negligence of James L. *663 Brown, a truck driver for Bulk Transport, Inc. Defendants, driver and employer, filed an answer denying the existence of negligence on the part of Brown and asserted in a reconventional demand that the sole and proximate cause of the accident was the fault of Hutchinson in suddenly and without warning moving his vehicle from the shoulder of the interstate highway into the path of defendant’s truck without first ascertaining that it was safe to do so. Following a trial on the merits, the District Court rendered judgment against defendants, Bulk Transport, Inc. and James L. Brown, in favor of the plaintiff, awarding $10,974.87 damages. From that judgment the defendants have prosecuted this appeal.
The record discloses that the accident occurred about 4:55 A.M. on February 21, 1971, on U. S. Highway Interstate — 10, approximately five miles east of Crowley in Acadia Parish, Louisiana. The highway at that point is a straight, level, four lane, paved thoroughfare, running east and west. The road was dry and visibility clear with the exception of patches of ground fog in the area. When the vehicles collided, Brown was driving a large trailer-truck, heavily loaded with lime, in a westerly direction. Hutchinson was driving a small Volkswagon-Karmann Ghia in the same direction.
There were no eye-witnesses to the accident aside from the plaintiff, Hutchinson, and defendant driver, Brown. Both gave different versions as to how the accident occurred.
Plaintiff, Hutchinson, testified that he was employed as a band director at a Lake Charles high school, and had gone to Lafayette with his band to march in a parade on the day preceding the accident. After accompanying his students back to Lake Charles he returned to Lafayette for a re-' ception, later visiting friends in Opelousas that night. On his return to Lake Charles in the early hours of the morning, Hutchinson testified that he became very drowsy and pulled off of the interstate highway where he slept for approximately one hour. He then elected to continue on to Lake Charles but decided shortly thereafter that he was still too sleepy to drive. Hutchinson testified thereafter that while in the process of pulling off the highway the rear-end collision occurred without warning and he was knocked unconscious.
Defendant, Brown, testified that he left Port Allen in the course of his employment at about 1:45 A.M. to deliver a load of lime to Port Arthur, Texas. After a short visit at a truck-stop on the outskirts of Lafayette, defendant entered U. S. Highway Interstate — 10 travelling west. Defendant further testified that there were heavy patches of fog along the roadway and that he first noticed Hutchinson’s vehicle as it entered the interstate highway at the “Scott exit”. He subsequently lost sight of the vehicle several times in the fog and finally as he came out of a heavy stretch of fog, defendant stated that he saw Hutchinson’s vehicle approximately five to six feet immediately to his front pulling from a parked position on the side of the highway into his lane. Defendant testified that plaintiff’s vehicle was so close to the truck that he was unable to stop or even apply his brakes until after the impact. He testified that his vehicle struck plaintiff’s automobile on the left rear side.
The two drivers were the only witnesses to testify to the facts of the accident. Their testimony is in evident conflict. If the accident occurred as defendant related, there was negligence on the part of Mr. Hutchinson in entering the highway directly in the path of the oncoming truck without first ascertaining that it was safe to do so. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). On the other hand, if the accident occurred as plaintiff testified, Mr. Brown was negligent in striking plaintiff’s vehicle from the rear and failing to maintain a safe speed and proper lookout under the prevailing weather conditions. LSA *664 R.S. 32:81; Berzat v. Berzat, 221 So.2d 348 (La.App. 4th Cir. 1969).
The foregoing elucidation reveals that only questions of fact were posed for the trial judge’s considerations. The trial judge weighed the versions of both plaintiff and defendant, and concluded that he would accept “Mr. Conrad Hutchinson’s version of how this accident occurred as being a correct statement of the facts.” He further noted in his reasons for judgment that he was not impressed with the testimony of defendant, Brown, and that the photographic exhibits clearly showed that the Hutchinson vehicle was struck directly from the rear, rather than from the side. The trial judge concluded that Hutchinson was free from any negligence which contributed to the accident, and that the proximate cause thereof was the negligence of defendant, Brown, in failing to maintain his truck in such a manner as to enable him to stop in time to avoid a collision with the vehicle proceeding ahead of him.
In view of all of the circumstances of this case we find no manifest error in the factual determinatipns of the trial judge.
The trial judge awarded plaintiff the sum of $10,974.87, representing $8,500.00 for disability, pain, and suffering caused by his injuries, in addition to the sum of $974.87 for medical expenses and $1,500.00 for property damage. Defendants contend that this award is manifestly excessive in relation to the injuries received. Our review of the medical evidence convinces us that as a result of the accident plaintiff sustained severe injuries including the following :
(a) internal bleeding
(b) five fractured ribs
(c) soreness in neck and back area to date of trial
(d) cerebral concussion with post concussion syndrome
(e) numerous lacerations and contusions about the face and head
Considering the foregoing evidence, we find the award made by the District Court to be reasonable and neither excessive nor inadequate. Certainly it does not amount to an abuse of the trial judge’s “much discretion” in either direction.
For the above and foregoing reasons we affirm the ruling of the trial court.
The defendants, Bulk Transport, Inc. and James L. Brown, are to pay all costs of these proceedings.
Affirmed.