LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant guilty under an indictment which alleged that he “did, unlawfully, wilfully and feloniously possess Diazepam contrary to the provisions of Act 1407, Section 401(a), Regular Session of the Legislature of Alabama, 1971.” The court fixed his punishment at imprisonment for four years and sentenced him accordingly.
Although diazepam was not expressly included as a controlled substance in the Alabama Uniform Controlled Substances Act (Acts 1971, No. 1407) at the time of its enactment, its possession was inhibited as of the time of the alleged commission of the crime, by reason of its having been theretofore listed by the Alabama Board of Health as such a substance in accordance with the authority conferred upon it by said Act. Such was the undisputed evidence in the case. Furthermore, the trial court charged the jury that it was a “controlled sub *542 stance,” as it should have done in its duty to take judicial notice of the adoption and publication of reasonable rules and regulations of the Alabama Board of Health. Cassell v. State, 55 Ala.App. 502, 317 So.2d 348 (1975).
Officer T. R. Scarbrough of the Montgomery Police Department testified that at about 7:00 A.M. on July 24, 1979, he received a radio call instructing him and his partner to investigate a reported disturbance at 611 Cleveland Court. He made a prompt response to the call by going to the address and observing a man on the porch' whom he identified as the defendant. As the witness arrived, the defendant stepped off the porch and proceeded to walk away. While walking away, the defendant with his left arm in the direction of Officer Scarbrough put his right hand in the right front pocket of his pants and upon raising his hand from the pocket let drop a matchbox that fell on the ground about five or six inches from the defendant’s feet. According to further testimony of the witness, he reached over and picked up the box and opened it. In it he found nine yellow medicine tablets (pills).
The matchbox and seven of the pills were introduced in evidence after a chain of custody had been established. By the testimony of Criminalist Allen Raymond Adair of the Alabama Department of Forensic Sciences, they were identified as Valium, which the witness said contained diazepam. He said he made the determination of the existence of diazepam by an analysis of two of the tablets that were consumed in the process of his analysis.
Before Officer Scarbrough was allowed to testify as to the matchbox and its contents, there was a hearing out of the presence of the jury, of a motion of defendant to suppress evidence as to the contents of the matchbox and evidence of what defendant said in answer to a question addressed to him by Officer Scarbrough as to whether he had a prescription for the medicine in the box. At that hearing, there was a conflict between the evidence of Officer Scarbrough and the defendant in that Officer Scarbrough testified there was no actual or threatened violence to defendant and defendant testified that Officer Scar-brough, assisted by another officer, threw him on the ground, searched him, removed the pills from his person, and took him to the County Jail. The court overruled defendant’s motion to suppress evidence as to the contents of the matchbox but sustained defendant’s motion to suppress evidence of the question asked defendant and his answer that he did not have a prescription for the medicine. The court’s ruling in not suppressing the evidence as to the contents of the matchbox is not challenged on appeal. The ruling in suppressing evidence of the statement of defendant that he did not have a prescription for the Valium is not an issue on appeal, for the obvious reason that it was favorable to appellant. In passing, however, we should note the correctness of such ruling in that defendant had not been previously advised and warned as to his right to an attorney and his right not to be subjected to involuntary self-incrimination.
At the conclusion of the evidence for the State, the court denied defendant’s motion “to strike the State’s case.” At the conclusion of all the evidence, including the testimony of defendant, defendant renewed his motion “to strike the State’s evidence,” which the court also overruled. Said rulings are made the basis of an insistence of reversible error. Appellant says there was no substantial evidence of defendant’s guilt at the time the State rested its case and that there was no substantial evidence of defendant’s guilt at the conclusion of all the evidence. We consider each contention separately.
It is recognized by both parties on appeal that if this defendant had been given a prescription for the Valium that he had in his possession, there would not have been a violation of the Controlled Substances Act. At the time the State rested there had been no evidence pro or con as to whether a physician had given his prescription for the substance. It was not necessary, however, for the State to prove that there had been no prescription. The burden of bringing himself with any exception or exemption as to the statute was upon the *543 defendant. Hall v. State, 291 Ala. 397, 287 So.2d 662 (1973); Knox v. State, 50 Ala.App. 494, 280 So.2d 200 (1973); Watkins v. State, 50 Ala.App. 111, 277 So.2d 385, cert. denied, 291 Ala. 801, 277 So.2d 389 (1973); Chesteen v. State, Ala.Cr.App., 365 So.2d 102, writ quashed, 365 So.2d 108 (1978). The court was correct in denying defendant’s motion “to strike the state’s case at the conclusion of State’s evidence.
The defendant testified that in 1974 Valium was prescribed for him while he was living in Lufkin, Texas. However, he did not claim the Valium he had in his pocket was prescribed for him. He said he obtained the particular Valium from an “elderly gentlemen” with whom he lived. He further testified that he was in bad physical condition and that he had gone to the apartment, where he was standing when the officers arrived, to get someone to drive him to a place where he could obtain medical treatment. Notwithstanding the natural sympathy for his physical condition and his apparently believed dependence upon the medicine he had in his pocket, he was not entitled as a matter of law to a favorable ruling on his motion to “strike the State’s evidence.”
During the cross-examination of Mr. Allen Adair, the following occurred:
“Q. Now that is a prescribed . .. that’s a legal drug that can be prescribed by a medical practitioner, is that right?
“A. Yes, sir.
“Q. Now you have been with the Department of Forensic Sciences and its predecessor for eight and a half years?
“A. Well almost eight years, not quite eight.
“Q. Isn’t it true that until recently this was not a controlled substance — valium.
“A. Up until—
“MS. BROOKS: Objection.
“THE COURT: Sustained.”
Appellant says that the ruling of the court was erroneous in that it did not permit “the appellant to fully cross-examine one of the State’s witnesses.” Appellant further states:
“That the jury should be apprised of the date the drug was included in the controlled substance law. This fact alone could explain the Appellant’s possession, and could have reasonably explained his innocence.”
If the witness had been allowed to answer the question, his correct answer would have been, “Up until July 2, 1975, it was not.”[1] Assuming that a physician had prescribed Valium for defendant in 1974, it can be reasonably seen that defendant may not have had the requisite criminal intent for the commission of the crime by his mere possession of Valium if the possession thereof had first become a crime within a few days, weeks or months before July 24,1979. The same conclusion could hardly be reasonably reached, however, when, as here, there was an interval of approximately four years between the statutory proscription and the defendant’s commission of the crime. Moreover, the defendant in his testimony made it clear that he knew the nature of Valium and that he had taken some of the pills the day he was arrested. He was not substantially injured by the court’s sustention of the State’s objection to defendant’s question to Mr. Adair, “Isn’t it true that until recently this was not .a controlled substance-valium?”
During the direct examination of defendant, the following occurred:
“Q. Prior to the day that you were arrested on the 24th of July, 1979, when was the last time you had used any vali-um?
“MS. BROOKS: Objection.
“THE COURT: Sustained. Don’t answer that.”
Defendant argues that by the quoted action of the court it “denied the appellant his attempt to prove the legality of possession.” By analogy to what has been said herein in considering appellant’s contention that the trial court should have allowed defendant to show by Mr. Adair how long Valium had *544 been a controlled substance, we are not convinced, in the light of all the circumstances shown by the evidence, that defendant’s answer to the question last quoted herein would have aided the defendant in any “attempt to prove the legality of the possession,” as now contended in appellant’s brief. However, our inability to agree with appellant’s contention in this respect is attended with some misgiving, which we now endeavor to explain.
Notwithstanding circumstantial evidence and testimony of defendant indicating that at the time of the alleged crime defendant knew the tablets in the matchbox in his pocket contained a controlled substance and that a jury question was presented as to his guilt, we are not certain that he was not so ignorant that he did not have the criminal intent essential to a valid conviction, that he did not have guilty knowledge of the nature of the drug. We do not hold that one is guilty of the willful and felonious possession of diazepam, as alleged in the indictment, merely by reason of his having a matchbox in the pocket of his pants containing nine tablets of Valium containing diazepam if there was credible evidence that defendant was utterly ignorant of the nature of the substance he possessed. It is clear that on July 2, 1975, the Alabama Board of Health added diazepam as a controlled substance under Schedule IV, pursuant to its authority under Section 20-2-20(a) of the Act. The record shows that defendant was about twenty-five years of age at the time of his arrest. He would have been about twenty years of age when, according to his testimony, he was prescribed Valium in Texas. Although the burden of proof was upon the State to establish defendant’s guilt by the evidence, including his guilty knowledge of his possession of a substance in the nature of a controlled substance, he should have been allowed adequate range to disprove it or to cast reasonable doubt upon it, if he could have done so, unless it was clear that he could not do so or that he was making no contention to that effect. Omitted from the transcript are the opening statements to the jury and the arguments to the jury of counsel for the respective parties. Whether any line was drawn between them on the particular point, we are unable to determine from the record before us. The record indicates, though it is not absolutely conclusive, that defendant was staking his case upon the hope or expectation that the evidence of the contents of the matchbox and their nature as a controlled substance would be suppressed, and that he was making no claim that he did not know the nature of the substance.
The indication is strengthened by the strong effort to suppress the evidence during the first part of the testimony of the first witness for the State and motion by defendant at the conclusion of all the evidence as follows: “I would like to renew my motion to strike the State’s evidence in view of the testimony of the Defendant that he was searched before he was placed under arrest and that the drugs were taken from him in violation of his Constitutional rights.”
As the trial court was cognizant of the contentions of the parties and was in a better position than we to determine whether answers to the questions to which the objections of the State were sustained would have been relevant to such contentions and would have been of any benefit to defendant, we must conclude therefrom when considered with all other circumstances shown by the transcript that they were not relevant and that the trial court was not in error in its rulings.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the *545 Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.

. As certified by State Health Officer Ira L. Myers, M.D.