JANVIER, Judge.
Defendant partnership and the individual members thereof have appealed suspensively from a judgment against them in favor of plaintiff for $288.57, the amount admittedly necessary to repair the damage sustained by plaintiff’s automobile as the result of a collision with a taxicab, owned by the defendant and operated by an employee in the course and scope of his employment.
Plaintiff has answered the appeal, praying that the amount of the award be increased by ten per cent as damages for the taking of a frivolous appeal.
*419 Plaintiff was operating his automobile on North Salcedo Street, going in a downtown or northerly direction, and he intended to cross Bienville Street. Bienville Street is a wide double driveway thoroughfare, having between the two driveways a neutral ground which counsel, in oral argument, agreed was about five feet in width. The taxicab was being driven out Bienville Street towards City Park, in a general westerly direction, so that it approached the intersection from the righthand side of plaintiff.
Facing plaintiff, as he approached Bien-ville Street, was a stationary stop sign. Plaintiff says that he stopped for this sign, looked to his left and saw no traffic approaching and started his car forward at a slow speed, and that, just before he reached the neutral ground, he' saw the taxicab coming from his right and approaching at a speed of about 40 miles per hour. He says that, as the neutral ground was not sufficiently wide to afford complete protection against the possibility of being .struck on the rear end by cars going in Bienville Street and on the front end by cars going out that street, he allowed the front end of his car to extend about 22 or'23 inches into the lower roadway of Bienville Street, which left the rear end extending a greater distance into the upper roadway. He says that he remained in this position stationary for about four or five seconds when the taxicab, its driver having reduced its speed to about 20 miles an hour, ran into the right front end of his car, causing the damage on' which this suit is based. He says that the taxicab skidded about 30 feet before striking his car, and that immediately after the occurrence, the driver of the taxicab stated that he had not seen plaintiff’s car until his taxicab was about 10 feet away from it.
The driver of the taxicab was not available as a witness, it being stipulated that he had been called into the Armed Forces. The only other testimony is that given by another automobile driver, J. A. Conrad, who says that he reached the scene almost immediately after the occurrence, and that he noticed the skid marks made by the taxicab and that they extended from 25 to 30 feet from the rear of the taxicab.
There is in the record a photograph of the left front end of the taxicab, and counsel for defendant say that an examination of this photograph shows that the major damage caused to the taxicab was sustained at a point very near the front edge of the left front door and that this indicates that plaintiff’s car struck the taxicab and that this in turn indicates that plaintiff’s car was moving forward when the impact took place.
We are not sure that this is necessarily true. The photograph shows plainly a dent at the very front end of the left front fender of the taxicab, and we think it quite possible that, since the cab obviously swerved suddenly to its right, the dent near the left front door, which was some four or five feet from the front of the taxicab, may have resulted from the swaying of the taxicab to the left, caused by the centrifugal force resulting from its momentum, coupled with the sudden swerving of its wheels to the right.
At any rate, should we accept the argument of counsel for defendant, i,t would be necessary that we decide the matter entirely on our interpretation of a photo-■ graph and disregard entirely the only actual testimony as to the occurence
The situation in which plaintiff found himself is an interesting one, and such accidents as this will undoubtedly occur more and more frequently in the future. Of course, it has been deemed advisable that neutral grounds on such streets be narrowed as much as possible so that the driveways for automobiles may be widened in order to accomodate the ever increasing traffic. But, with the narrowing of the neutral grounds there has come about the practical elimination of the safety zones which the wider neutral grounds formerly afforded. As a result, it has become extremely difficult for a car driver, intending to cross such a thoroughfare as Bienville Street, to do SO' in absolute safety. Had plaintiff waited before attempting to cross the upper driveway until it was absolutely certain that he could cross both, it is pos *420 sible that he might have had to wait for hours. He chose what seems to have been the proper course. He saw that he could cross the first roadway in safety and that, on reaching the neutral ground, he could assume a position which would afford comparative safety, provided drivers on the two roadways operated their cars with reasonable caution and did not attempt to completely monopolize the roadways.
Had the plaintiff driven his car even a foot or two into the second roadway when the taxicab was so close that the driver could not have avoided striking his car,-he would certainly have been held to have been at fault. But so far as we can see from the record, when he allowed his car to proceed about two feet into the driveway, the cab was far enough away for its driver, had he been on the alert, either to have stopped the taxicab, or to have turned slightly to his right and gone around the front of plaintiff’s car.
It may be that we.and the trial court too are wrong in our appreciation of the evidence, but, in the absence of any evidence to the contrary, we must hold that the accident was caused by the failure of the driver of the taxicab to exercise care after plaintiff’s car had .been placed in such a position that plaintiff himself could do nothing to avoid such an accident.
We do not feel that the record justified the imposition of the penalty for the taking of a frivolous appeal.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.