REGAN, Judge.
Plaintiffs, Cologero C. Portera, the owner and operator of a 1957 motor car and his wife, Lavera Portera, a passenger therein, instituted this suit against the defendants Frank J. Nicolini, the operator of a 1955 Chevrolet automobile, his collision insurer, Bankers Fire and Marine Insurance Company and Tullos G. Catorie, the operator of a 1951 Chevrolet, endeavoring to recover $2,425, representing personal injuries and property damage incurred by them as a result of a three-car collision which occurred in the Parish of Jefferson at approximately 6:20 p.m. on December 18, 1957, in the intersection of Phlox Street and' the Airline Highway. The plaintiffs assert that the proximate cause of the accident was the concurrent negligence of the respective defendants.
’ Defendant Nicolini answered and denied that he was at fault. Fie insisted that the proximate cause of the accident was the negligence of Catorie and the contributory negligence of Portera; alternatively, he pleaded the last clear chance of Portera and the contributory negligence of his wife, who was pregnant and yet chose to ride in a vehicle operated by her husband whom she knew was a reckless driver.
Defendant Catorie answered and denied that he was at fault, maintaining that the collision was caused entirely by the negligence of Nicolini and the contributory negligence of Portera; in the alternative, he pleaded that Portera possessed the last clear chance to avoid the accident.
From a judgment in favor of plaintiffs in the respective amounts of $900 for La-vera Portera and $250 for Cologero Porte-ra against all of the defendants, they have prosecuted this appeal.
The record reveals that the accident occurred in the intersection of Phlox Street and the Airline Highway, which services traffic moving either north or south between New Orleans and Baton Rouge, Louisiana. The situs of .the accident discloses that the Highway is composed of two roadways divided' by a narrow neutral ground of about three feet in width.
As is usual in cases of this nature, there are several versions of the manner in which, the accident occurred. .
*754 Portera related that he 'and his wife, who was five months pregnant, were driving toward New Orleans, moving at a speed of about twenty-five miles per hour in the neutral ground lane of the Airline Highway. When he was approximately sixty feet removed from the Phlox intersection, he noticed the Nicolini vehicle in the neutral ground apperture. Its headlights were burning and the left turn signal light was blinking. Portera then removed his foot from the accelerator until he was sure that Nicolini was not moving, and then resumed his former speed. Simultaneously he heard a crash and saw the Nicolini vehicle move into the path of his car. Portera instantly applied the brakes, but was unable to avoid striking the Nicolini car on its right side.
Mrs. Portera’s testimony substantiated that of her husband. As a result of the collision, she incurred minor injuries of a temporary nature and the child who was born later reflected no ill effects therefrom.
Nicolini testified that in addition to himself, there were three occupants of his vehicle; his wife, a friend and Shirley Sumner. He related that he had been driving toward Baton Rouge' in the neutral ground lane of the Airline Highway since entering therein by way of Tulane Avenue. When his vehicle was about a block and one half removed from the Phlox intersection, his friend reminded him that he intended to execute a left turn therein. He thereupon indicated this intention through the medium of the car’s mechanical turn indicator and also by sig-nalling with his left hand. He was stopped in the aperture of the neutral ground for a short time awaiting the passage of southbound traffic when the left rear portion of his vehicle was struck by the left front fender of Catorie’s automobile with such force that the Nicolini vehicle was propelled into the southbound lane of the Highway where it was struck by the plaintiffs’ vehicle.
Mrs. Nicolini and Mrs. Sumner[1] both corroborated the foregoing version of the accident. The absence of Nicolini’s “friend” was satisfactorily explained since he was in Italy when the trial occurred.
Catorie related that he was also driving in the general direction of Baton Rouge, moving at a speed of about forty miles per hour in the neutral ground lane of the Airline Plighway. He insisted that there was no traffic in front of him; that when he was about fifty feet removed from the Phlox Street intersection, he turned his eyes to the right in order to glance at an unidentified motorist and when he redirected his attention to the road ahead, he saw the Nicolini vehicle in front of him, with the rear thereof protruding into his traffic lane; that he was unable to see the tail lights burning thereon, since the vehicle was stopped at an unusual angle. He realized instantly that a collision was imminent and he endeavored to drive around the rear of this car in order to avoid contact therewith. Of course, his efforts were unsuccessful and as a result of the accident he was rendered unconscious which probably accounts for the fact that his vehicle crossed the intersection and finally stopped in a drainage canal bordering the southbound roadway.
Predicated upon the foregoing facts, the trial judge expressed the opinion that:
“ * * * A complete analysis of the evidence leads to the conclusion that Frank J. Nicolini was negligent in stopping his automobile in the intersection with its rear end projecting into the Airline traffic lane in such a manner that his rear lights could not be seen by motorist travelling said lane. And that Tullos G. Catorie was negligent in failing to see the rear end of the Nicolini automobile when in the *755 exercise of ordinary care and prudence he should have seen it. * * * ”
The only question posed for our consideration is whether the foregoing findings of fact insofar as the defendant Nico-lini is concerned, are so erroneous and unsupported by the evidence as to warrant a reversal by us.
A careful analysis of the evidence inscribed in the record leads us to the inevitable conclusion that the trial court erred in finding Nicolini at fault.
Approximately ten years ago [2] this court, in rationalizing a similar accident, had occasion to take judicial notice of the fact that neutral grounds dividing roadways were rapidly being narrowed in order to accommodate the ever-increasing traffic with the inevitable result that the relative safety zone which the wider neutral ground formerly afforded to vehicles stopped in the aperture thereof was in the process of elimination, and as a consequence, accidents such as this would undoubtedly occur more frequently in the future.
In any event, the defendant Nicolini, before endeavoring to execute a left turn adhered to the rules of the road and in doing so, exercised an abundance of caution which was commensurate with the inherent danger which we have iterated and reiterated exists in such a maneuver.
Obviously, a neutral ground of approximately three feet in width provided no safety zone for his vehicle, therefore he was compelled to stop in the aperture thereof, with the rear end of his vehicle extending into the northbound traffic lane of the Airline Highway; this was especially true in view of the fact that traffic was moving by in the southbound lane.
We are convinced that if Catorie had looked ahead and maintained the vigilance contemplated by the rules of the road and the jurisprudence interpretative thereof, he Would have seen Nicolini’s vehicle and averted the collision. In fact, he testified that his attention a moment before the crash was diverted by a passing motorist. His failure in this respect constituted that degree of fault which was the proximate cause of the accident.
For the reasons assigned, the judgment appealed from is reversed, insofar as it runs against Nicolini and his insurer, and it is now ordered that there be judgment herein in favor of the plaintiffs in the respective amounts of $900 for Lavera Por-tera and $250 for Cologero Portera and against Tullos Catorie. Defendant Ca-torie is to pay all costs.
Reversed in part; affirmed in part.

. Mrs; Sumner did not appear at the trial but a statement giv.en earlier by her and stipulated by all counsel was entered into the record.

. Garrett v. Toye Bros. Yellow Cab Co., La.App., 58 So.2d 418 (1952) Paternostro v. Hartmann, La.App., 67 So.2d 497 (1953).