ON REHEARING
We granted a rehearing herein to consider whether or not we should have applied the law of the case principle in our original decision of the present matter involving Dale Gaudet and American Concrete Company as parties directly before us on appeal, in view of our prior decision involving Dixie Electric Membership Corporation as defendant and Dale Gaudet as plaintiff. Although the language of the prior decision was quite broad we held that Dixie Electric, the owner of the light standard, did not owe a duty to the general motoring public to erect a light standard that was not likely to crack on impact.
In Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971), the Supreme Court stated the law of the case principle and its application as follows:
With regard to an appellate court, the ‘law of the case’ refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case. This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue. 256 So.2d 105, 107. (Footnotes omitted.)
The law of the case principle is to be applied as a discretionary guide, not as a matter of inflexible law. The principle *734 should not be applied where its application would render a manifest injustice, or where the former appellate decision was clearly erroneous. Brumfield v. Dyson, 418 So.2d 21 (La.App. 1st Cir.1982), and cases cited therein.
This principle is to be applied only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. It is immediately apparent in the present case that Dixie Electric and American Concrete, though both defendants, are different parties. Furthermore, Dixie Electric is the owner of the light standard while American Concrete is the manufacturer. It is well established that a different duty is owed to the motoring public by the manufacturer of a light standard from that which is owed by the owner. Cf. Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040 (La.App. 1st Cir.1983). As different duties are owed, different legal issues are involved in determining causes of action against either of the two parties, as a result of which the law of the case principle is inapplicable. It would be manifestly unjust to apply the law of the case principle in favor of a party which owes a different duty to the public from that owed by the original defendant in whose favor judgment was rendered, because different duties may dictate different results.
Accordingly, we reinstate our original opinion after having duly reconsidered the matter. All cost of rehearing shall be borne by American Concrete Company.
ORIGINAL OPINION REINSTATED.