liKLEES, Judge.
Plaintiff/appellee Dana Kaskel (“appellee”) filed this lawsuit against defendant/appellant Ann Brierre (“appellant”). Appellee filed a motion demanding that appellant file a final account of her curatorship for the administration of the estate of their mother, an interdict. Additionally, both appellant and appellee filed Petitions to Demand Collation and Accounting of Intervivos Gifts. After considering argument of counsel and reviewing the pleadings, the trial court denied any collation by either party; declared appellant’s account to be insufficient; ordered appellant to reimburse the succession in the amount of $62,392.66; and ordered the contents of appellant’s home to be divided evenly between appellee and appellant. Appellant filed a suspensive appeal from this final judgment.

STATEMENT OF THE CASE

This lawsuit is principally concerned with the sufficiency of a curator’s final account of *915 the administration of the estate-of an interdict. The decedent, Patricia Williams, (“Patricia”) only had two children, appellant, Ann and appellee, Dana. Patricia developed a case of paranoid schizophrenia and was unable to care for herself or her financial affairs. Patricia was interdicted by court order on September 20, 1978. During the interdiction proceeding, appellant was placed as her cura-trix and appellee was placed as the undercu-ratrix.
Patricia was left property and a trust providing income for her support. At the time of the interdiction, a complete inventory of the estate of Patricia was filed. A year later, the first and only annual account of appellant’s administration was filed for the period from September 11,1978 through September 10, 1979. This account was signed by both appellant and appellee and was homologated by the court.
The euratorship continued for thirteen years — until Patricia’s death on May 13, 1991. On July 1, 1993 — over two years after Patricia’s death, appellee, in her capacity as undereuratrix, filed a motion demanding that appellant file a final account of her curator-ship. Appellant filed her account on October 5, 1993 in the record of the interdiction proceeding, and later in the record of this succession. Appellee filed an opposition to this account and the court |2ordered that Ann “clarify” her accounting. Thereafter, appellant filed her second account, prepared by a certified public accountant on March 30, 1995. Additionally, both appellee and appellant filed a Petition to Demand Collation and Accounting of Intervivos Gifts.
On August 27, 1996, judgment was rendered denying the petitions for collation and for an accounting of intervivos gifts and the court determined that appellant was responsible to the Succession of Patricia for the sum of $62,392.66 representing monies used for her own benefit during her administration of the interdiction of Patricia.

SPECIFICATION OF ERRORS

1. Whether the trial court erred in declaring appellant’s final account to be insufficient and in ordering her to reimburse the succession in the amount of $62,-392.66.
2. Whether the trial court erred in denying the petition of appellant for collation.

STANDARD OF REVIEW

Appellate courts may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong”. Rosell v. ESCO, 549 So.2d 840 (La.1989). Further, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Id. As stated in ESCO, “In applying the manifestly erroneous — clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo.” Id. at 844. Thus, if the trial court’s decision is reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though the appellate court would have weighed the evidence differently.
1. ASSIGNMENT OF ERROR NO. 1: Whether the trial court erred in declaring appellants final account to be insufficient and in ordering her to reimburse the succession in the amount of $62,392.66..
A. “Law of the Case” Doctrine Should Not Apply
Appellant alleges that the “law of the case” doctrine should apply because an account was filed and approved seventeen years earlier by appellee and the trial- court. Specifically, appellant states that this previously approved account provided less substance and detail than either of the final accounts filed by appellant/curatrix. Appellant’s argument is without merit.
The “law of the case” doctrine refers to a policy by which the court will not, orí a subsequent appeal, reconsider prior rulings in the same case. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 330, 256 So.2d 105, 107 (1971). The ^Supreme Court has further stated that the “policy applies only against those who were parties to the case when the former appellate *916 decision was rendered and who thus had their day in court.” Id. “Nevertheless, the law of the case principle is applied merely as a discretionary guide.” Id. Additionally, the Supreme Court stated that the “principle is not applied so as to ‘prevent a higher court from examining the correctness of the ruling of the previous court.’ ” Id.
The “law of the ease” doctrine should not apply in this situation because the issue seventeen years ago was concerned with the account for the period from September 11, 1978 through September 10, 1979. In the present action, the issue concerns the final account of the curatrix for the time period from September 10, 1979 until May 13, 1991. Consequently, the trial court did not have to render the same judgment that had been rendered seventeen years ago on a similar issue.
B. The Undercuratrix May Oppose the Final Account
The appellant alleges that appellee should be estopped from complaining because appel-lee, seventeen years ago, had approved the first accounting that had been filed. Further, appellant alleges that appellee, as the undercuratrix, should be estopped from complaining because appellee failed to compel appellant to file an account for the twelve remaining years of the curatorship. Appellant’s argument is without merit.
Simply because appellee approved the first accounting that appellant filed, over seventeen years ago, should not prevent her from opposing the final account. La C.C.P. art. 4395 states that “[a]n opposition to an account may be filed any time prior to ho-mologation.” Consequently, because the final account has not yet been homologated, appellee may still oppose the final account.
Additionally, appellee should not be estopped from complaining simply because she failed to compel appellant to file an account for the remaining twelve years of the curatorship. As curatrix, appellant had a duty to annually account to the court the finances in her charge.[1] La. C.C.P. 4391. The contents of the account, which must be filed by the curatrix, “shall contain the same matters required by La. C.C.P. art. 3333 for an account of a succession representative.” La. C.C.P. art 4393. La. C.C.P. art. 3333 states that the account must “show Rthe money and other property received by and in the possession of the succession representative at the beginning of the period covered by the account, the revenue, other receipts, disbursements, and disposition of property during the period, and the remainder in his possession at the end of the period.” La. C.C.P. art. 3333. Additionally, La. C.C.P. art. 4262 states that the tutor must “take possession of, preserve, and administer the minor’s property. He shall enforce all obligations in favor of the minor and shall represent him in all civil matters. He shall act at all times as a prudent administrator and shall be personally responsible for all damages resulting from his failure so to act.” Appellant, as curatrix, was entrusted with the fiduciary responsibility of caring for her mother’s property and thus, she should be accountable for the property despite the fact that appel-lee, as undercuratrix, did not compel her to file an accounting.
C. The Trial Court Made a Factual Determination Based Upon the Testimony and Evidence Presented at Trial
The appellant alleges that the trial court ignored completely uneontradicted testimony and evidence. Specifically, appellant alleges that her testimony went completely uncon-tradicted; the witnesses called to testify supported her testimony and account; and an accountant’s report supported her testimony. Appellant’s argument is without merit.
The testimony of the witnesses and accountant did little, if anything, to help the court determine the amount of money that was spent on the interdict’s behalf. Furthermore, appellant admitted that she was trying to care not only for her mother, but also for *917 herself and her son. As she stated during the hearing, “I was a single parent with my son and my husband was not there and I did take care of my mother too.” The court had a difficult time determining how the money, that was not accounted for, was spent during the thirteen years of the curatorship. Throughout the record, appellant states that she didn’t know why, where and when certain cheeks were written. The court was reasonable in holding her accountable for the amount that which had not been accounted for on the books because (1) appellant could not remember why checks were written to cash, (2) the accountants could not find many of the missing checks, and (3) appellant had failed in her duty to account for her mother’s assets and property. Thus, although the testimony of the witnesses and accountant may help to explain what appeared to be true from the few checks that were accounted for, the court still had to make a factual determination concerning the money that had not been accounted for on the books. The court Ismade this factual determination by listening to the testimony of appellant and the witnesses and weighing the evidence.
D. The Code of Civil Procedure Supports the Trial Court’s Decision
The appellant alleges that the Code of Civil Procedure does not require the result obtained herein. Appellant’s argument is without merit. As stated previously under section B, the code specifically list the duties of the euratrix. Appellant, as euratrix, had a duty to annually account to the court the finances in her charge. La. C.C.P. art. 4391. Additionally, the contents of the account, which must be filed by the euratrix, “shall contain the same matters required by La. C.C.P. art. 3333 for an account of a succession representative.” La. C.C.P. art 4393. La. C.C.P. art. 3333 states that the account must “show the money and other property received by and in the possession of the succession representative at the beginning of the period covered by the account, the revenue, other receipts, disbursements, and disposition of property during the period, and the remainder in his possession at the end of the period.” La. C.C.P. art 3333. Further, La. C.C.P. art. 4262 states that the euratrix “shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.” Appellant, as euratrix, was entrusted with the fiduciary responsibility of earing for her mother’s property and thus, she should be accountable for the missing links.
2. ASSIGNMENT OF ERROR NO. 2 : Whether the trial court erred in denying Ann’s petition for collation.
Appellant alleges that the trial court erred in denying her petition for collation. Specifically, appellant states that “there was no evidence opposing that of Appellant, yet the trial court deified relief.” Appellant’s argument is without merit.
The trial court based the decision to deny appellant’s petition for collation because there was insufficient evidence as to the assets or values to show what, if anything, should be collated. Thus, because both appellant and appellee failed to produce sufficient evidence for the court to decide the collation issue, the court properly denied both petitions for collation.

CONCLUSION

For the reasons expressed above the trial court’s decision declaring appellant’s final account to be insufficient and in ordering her to reimburse the succession in the amount of $62,392.66 is hereby affirmed. The trial court’s judgment denying the petition for collation is also affirmed.

AFFIRMED.

. La. C.C.P. Art. 4554. Tutorship Rules Applicable
A. Except as otherwise provided in this Tide and in R.S. 9:1022, the relationship between an interdict and his curator is the same as between a minor and his tutor, with respect to the person and property of the interdict.