BONIN, J.,
Dissents With Reasons.
hi respectfully dissent.
The majority opinion is silent as to a disposition of Continental’s assignment of error regarding the trial court’s judgment awarding Tate & Lyle $4,060,000 as reimbursement for settlements paid to 116 Post-Denial claimants, including eleven specified claimants. I find that the district judge strayed from the limited undertaking we authorized- — and directed — on remand. See Arceneaux v. Amstar Corp., 06-1592, p. 49-50 (La.App. 4 Cir. 10/31/07), 969 So.2d 755, 785-786 (“This case is remanded for two reasons: (1) for a determination of whether the fifteen plaintiffs identified earlier in this opinion satisfied the settlement criteria; and (2) for a recalculation of the amounts due consistent with the findings set forth herein.”)
In the judgment now before us for review, the trial judge again condemned Continental to reimburse or, more properly speaking, indemnify its insured, Tate & Lyle, the full amount of each Post-Denial claimant’s $35,000 settlement. The learned judge reasoned that this was justified on a “waiver” theory. But we had already decided that the “waiver” by Continental could be applied only to the Pre-Denial settlements. Arceneaux v. Amstar Corp., 06-1592, p. 49, 969 So.2d at 785 12(“For the foregoing reasons, the following findings of the trial court are reversed: (1) the extension of Continental’s waiver to the claims of the post-denial plaintiffs; ... ) “The law of the case” doctrine obliges the lower court to follow a higher court’s decision in the same case. In Bank One, N.A. v. Velten, 04-2001, pp. 5-6 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458 (emphasis added), citing Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973), we described how the doctrine is applied:
(a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate court rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.
See also 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure, § 6.7 (1999); Reed v. St. Charles General Hospital, 08-0430, pp. 9-10 (La.App. 4 Cir. 5/6/09), 11 So.3d 1138, 1145-46, and Scott v. American Tobacco Company, Inc., 09-0461, p. (La.App. 4 Cir. 4/23/10), 36 So.3d 1046, 2010 WL 1634314 *2. The policy reasons behind this doctrine include avoidance of re-litigation of an issue, consistency of result in the same liti *957 gation, and promotion of efficiency and fairness to the parties “by affording a single opportunity for the argument and decision of the matter at issue.” Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 330, 256 So.2d 105, 107 (La.1971); Bank One, supra.
In my view, the trial court should have restricted itself to deciding what portion of the Post-Denial settlements Continental should repay to Tate & Lyle. By the terms of its insurance policies, Continental covered Tate & Lyle for a 26-month period of any approved settlement. Because Continental defaulted on its dual duties of defense and indemnification at the time the Post-Denial settlements were being con-fected, thereby jeopardizing its entitlement to participate in or influence the settlements favorably, I do not necessarily agree with Continental’s ^argument that it is entitled to an exact pro-ration in each claim. Yet I am certain that the indemnification owed to Tate & Lyle is only a portion of each Post-Denial settlement and must bear some reasonable relationship to the limited period for which Continental provided coverage.
I would again remand the matter to the district court so that it might comply with the instructions initially handed down. I, therefore, dissent.
BORDER
Considering the application for rehearing in the above numbered and entitled case, the panel detected a factual error on Page 3 of our opinion, which reads:
The district court reasoned that Continental’s coverage defenses are based, in part, on the clause in the policy referred to as the employee exclusion according to the reservation for rights and disclaimer of June 6, 2003. However it was determined at trial that no such exclusions existed during the period of time in question; 1963 to 1978. (emphasis added)
We are of the opinion that Continental is correct when it asserts in its application for rehearing that “all of Continental’s policies did contain employee exclusions” except for the last 26 months of Continental’s 15-year coverage period. While the parties have vigorously disputed the applicability of the employees exclusions, the existence of those exclusions for the relevant time period did not appear to be in dispute.
IT IS HEREBY ORDERED that the Application for rehearing is granted for the sole purpose of making the above noted correction.
BIT IS FURTHER ORDERED that the above correction be noted as a correction in our original opinion.
BONIN, J., would grant unlimited rehearing on all errors assigned.