# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**16-556 consolidated with 16-557**


**KODIE J. COURVILLE, ET UX.**

**VERSUS**

**ALLSTATE INSURANCE COMPANY, ET AL.**

**CONSOLIDATED WITH**

**EFREM ROSS**

**VERSUS**

**PATRICIA A. FRANCIS, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20092529 C/W 20096329
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.


**AFFIRMED.**

**M. Terrance Hoychick**
**A Professional Law Corporation**
**P. O. Drawer 391**
**Eunice, LA 70535-0391**
**(337) 457-9331**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Kodie J. Courville**
**Brooke H. Courville**

**Edwin G. Preis, Jr.**
**Edward F. Kohnke, IV**
**Catherine M. Landry**
**Preis PLC**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Lexington Insurance Company**

**C. Shannon Hardy**
**John W. Penny, Jr.**
**Penny & Hardy**
**A Professional Law Corporation**
**P. O. Box 2187**
**Lafayette, LA 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Allstate Insurance Company**
**Patricia Francis**

**L. Clayton Burgess**
**L. Clayton Burgess, APLC**
**605 W. Congress St.**
**Lafayette, LA 70501**
**(337) 234-7573**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Efrem Z. Ross**

**Patricia J. Delpit**
**Johnson, Rahman & Thomas**
**Louisiana Workers' Compensation Corporation**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0899**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Louisiana Workers' Compensation Corporation**

**SAUNDERS, Judge.**

This case involves an automobile accident wherein two defendant drivers were traveling in the same direction on a two-lane highway. The accident happened when one of the two defendant drivers moved to the right side of the lane of travel while the other attempted to turn into a pharmacy parking lot located on the right. The two defendant drivers' vehicles struck one another and then hit the plaintiffs' vehicle that was occupied in the parking lot.

Prior to trial, a motion in limine was heard regarding the admissibility of pleadings in the plaintiffs' subsequent divorce proceedings. The trial court ruled that the pleadings' probative value was outweighed by the potential prejudice. Thus, it did not allow defendants to present the pleadings as evidence at trial. A writ was taken to this court on this exclusion, which this court denied.

After a jury trial, while deliberating, the jury requested to see plaintiffs' petition for damages. Even though the petition for damages was admitted into evidence at trial, the trial court denied the jury's request because it felt that the original petition without the amended petition would be prejudicial.

The jury found one of the two defendant vehicles involved in the accident to be 100% at fault. The insurance company of the vehicle found to be 100% at fault filed this appeal, requesting review of the trial court's exclusion of the pleadings from the plaintiffs' divorce proceedings, the allocation of fault, and the denial of the jury to view the plaintiffs' petition for damages.

## FACTS AND PROCEDURAL HISTORY:

On November 18, 2008, Patricia Francis was driving on Louisiana Highway 89 (the Youngsville Highway) near its intersection with West Pinhook Road in Lafayette, Louisiana. Francis was followed by a truck attached to a gooseneck

trailer driven by Efrem Ross who was in the course and scope of his employment with Whitco Supply, LLC.

Francis intended to turn right into a CVS Pharmacy parking lot to deliver her grandchild to the child's mother. The CVS Pharmacy is located at the corner of the Youngsville Highway and West Pinhook Road. Just after where Francis intended to make the right turn, the single lane of travel begins to branch into four lanes of travel.

When Francis attempted to make her right turn, she and Ross struck one another. The impact caused both Francis and Ross to leave the Youngsville Highway and travel into the CVS Pharmacy parking lot. Ross' vehicle then struck a vehicle occupied by Kodie Courville.

Kodie Courville, and his wife, Brooke Courville, filed suit against Francis and her insurer, Allstate Insurance Company. They also named as defendants: Ross, his employer, Whitco, and Whitco's insurer, Lexington Insurance Company. Kodie alleged that he sustained injuries as a result of the accident while Brooke brought a loss of consortium claim.

The Courvilles' petition for damages originally alleged that Francis was partially at fault for the accident. However, they amended their petition to assert that Ross was solely at fault for the accident but did not dismiss Francis and Allstate as defendants.

Prior to a jury trial, several motions were filed and decided by the trial court. Relevant to these proceedings is a motion in limine seeking to exclude allegations made by Brooke Courville in the Courvilles' divorce proceedings. The trial court granted the motion to exclude these divorce proceeding allegations. A writ was filed to this court regarding the exclusion of the evidence. This court denied the writ.

2

A jury trial began on January 25, 2016. During the trial, the original petition for damages filed by the Courvilles was admitted into evidence, and some testimony and arguments were presented as to why the Courvilles originally alleged that Frances had some fault in causing the accident, later amended their petition to allege that Francis was free from fault, but did not dismiss Francis or Allstate. After conclusion of closing arguments some days later, during deliberations, the jury requested to review the Courvilles' original petition for damages. The trial court denied the request on the basis that the original petition, without also reviewing the amended petition, would be more prejudicial than its probative value.

The jury returned a verdict finding Ross solely at fault for the accident. It awarded Kodie Courville in excess of $3,000,000.00 for his damages and $21,000.00 to Brooke Courville for her loss of consortium.

Lexington filed the appeal now before us. It alleges three assignments of error. The Courvilles answered the appeal and alleged two errors.

## LEXINGTON ASSIGNMENTS OF ERROR:

1. The trial court erred in not allowing the jury to view the Petition for Damages when requested during deliberations which document had been admitted into evidence without objection.

2. The jury erred in finding Ross 100% liable for Appellees' alleged damages as Francis was negligent and the cause-in-fact of Appellees' alleged damages when she attempted to execute an improper right turn into the CVS parking lot in violation of Louisiana Revised Statutes 32:104 and 32:58 when she attempted to make a right turn without utilizing her mirrors, while inattentive and on her cell phone causing her to turn her vehicle into the side of the Ross truck located nearly parallel to her vehicle.

3. The trial court erred in not allowing Appellant to present evidence to the jury of the Courvilles' divorce proceedings resulting in excessive loss of consortium damages being awarded.

## COURVILLES ASSIGNMENTS OF ERROR:

3

1. The general damages awarded by the jury for Kodie Courville's injuries were so low as to amount to an abuse of discretion.

2. The trial court erred in its refusal to allow introduction into evidence of other individuals working in the Non-Destructive Testing Industry and the amounts they earned in support of plaintiff's earning capacity loss claim. That legal error caused the plaintiff to suffer a loss in the award for future loss of earnings/and or earning capacity.

**LEXINGTON ASSIGNMENT OF ERROR NUMBER ONE:**

Lexington asserts that the trial court erred in not allowing the jury to view the Petition for Damages when requested during deliberations. We find no merit to this assertion.

Louisiana Code of Civil Procedure Article 1794 (emphasis added) states:

> A. Jurors shall be permitted to take notes. The court shall provide the needed writing implements. Jurors may, but need not, take notes and such notes as are taken may be used during the jury's deliberations but shall not be preserved for review on appeal. The trial judge shall ensure the confidentiality of the notes during the course of the trial and the jury's deliberations. At each recess prior to jury deliberation, the court shall collect and maintain any and all notes made by each juror and upon reconvening, the court shall return to each juror his individual notes and shall cause the notes to be destroyed immediately upon return of the verdict.

> B. The court *may* allow the jury to take with them any object or writing received in evidence, except depositions and except as otherwise provided in the Louisiana Code of Evidence.

"After giving notice to the parties, the court *may* have the requested testimony read to the jury and *may* permit the jury to examine the requested materials admitted into evidence." La.Code Civ.P.art. 1795(B)(emphasis added).

The standard of review applicable when determining whether a trial court properly allowed or denied a jury to review evidence while in deliberations is the abuse of discretion standard. *Taylor v. Progressive Sec. Ins. Co.*, 09-791 (La.App. 3 Cir. 4/7/10), 33 So.3d 1081, *writ denied*, 10-1024 (La. 9/17/10), 45 So.3d 1044.

This court, in *Taylor*, 33 So.3d at 1088, concisely addressed this issue, stating the following:

The Louisiana Fourth Circuit Court of Appeal considered a similar issue in *Fowler v. Bauman*, 95-145 (La.App. 4 Cir. 10/12/95), 663 So.2d 438. In determining that the trial court has discretion as to the items it provides to the jury, that court stated: "Although La.C.C.P. art. 1795(A) does use the mandatory word 'shall,' La.C.C.P. art 1795(B), by use of the word 'may,' clearly gives the trial judge discretion to determine whether to provide the jury with requested items." *Id.* at 443. We agree with the fourth circuit's analysis of this issue.

Here, Lexington argues that the jury had a right to view the Petition for Damages because it was admitted into evidence without objection. This argument is misguided, as a trial court is quite clearly afforded discretion in determining whether to grant a jury's request to view admitted evidence. Moreover, the reasoning of the trial court to deny the request in this case, the potential prejudice of the Petition for Damages without viewing the amended petition, is cited as such a reason to deny a jury's request in the 1983 comment (a) wherein it states, "[t]he judge is to consider how helpful such an examination might be and the risk of misuse by the jury and possible prejudice to any party." La.Code Civ.P. art 1794.

Here, as was the case in *Taylor*, the jury had an occasion to form its opinion of the Petition for Damages when it heard the Courvilles testify and be cross-examined about its contents. As such, we find no abuse of the discretion afforded to the trial court in its denying the jury to review the original Petition for Damages. Given the above, this assignment of error lacks merit.

**LEXINGTON ASSIGNMENT OF ERROR NUMBER TWO:**

In its second assignment of error, Lexington contends that the jury erred in finding Ross 100% liable for the Courvilles' damages. We do not agree.

The Louisiana Supreme Court, in *Duncan v. Kansas City Southern Railway Co.*, 00-66, pp. 10-11 (La.10/30/00), 773 So.2d 670, 680-81, stated that the standard of review applicable to comparative fault determinations is as follows:

This Court has previously addressed the allocation of fault and the standard of review to be applied by

5

appellate courts reviewing such determinations. Finding the same considerations applicable to the fault allocation process as are applied in quantum assessments, we concluded "the trier of fact is owed some deference in allocating fault" since the finding of percentages of fault is also a factual determination. *Clement v. Frey*, 95-1119 (La.1/16/96); 666 So.2d 607, 609, 610. As with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. *Id.*

As such, it is clear that a fact finder's allocation of fault is subject to the manifestly erroneous or clearly wrong standard of review. *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). The findings of fact made by a jury will not be disturbed unless they are manifestly erroneous or clearly wrong. *Id.* "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

The factors to consider in an appellate review of an allocation of fault were addressed by the Louisiana Supreme Court in *Watson v. State Farm Fire & Casualty Insurance Co.*, 469 So.2d 967 (La.1985). Therein, the supreme court stated:

> [V]arious factors may influence the degree of fault assigned, including: (1)whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.

*Id.* at 974.

*Thibodeaux v. Ace Amer. Ins. Co.*, 13-577, pp. 6-7 (La.App. 3 Cir. 11/27/13), 127

So.3d 132, 136-37.

> "'[t]he reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions

between the respective courts.'" *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973). Thus, ***where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong****. Id.*"

*Stobart*, 617 So.2d at 883 (emphasis added).

In the case before us, Francis testified that as she approached the CVS pharmacy where she was to meet her daughter, she put her signal on and looked in her rear view mirror to make sure her path was clear. When she looked in her rearview mirror, she saw the Ross vehicle behind her. Just prior to making the turn, she slowed down and concentrated on turning into the CVS parking lot. As she began her turn, she felt an impact from Ross who she contends was passing her on the right where there is only a single lane of travel. Francis denied making any sudden or abrupt slowings or turns. She also testified that she did not look at her side mirror because she was not on a multilane highway and was not switching lanes to the right.

Contrarily, Ross testified that he was properly established in a "transition area" on Francis' right when she suddenly slowed and turned into him. He stated that it was Francis' vehicle that hit his truck while the two vehicles were side-by-side. Ross denied seeing Francis' right turn signal.

Ryan Gonsoulin witnessed the accident. He was traveling behind Ross. He testified that the road was a two lane road where the accident took place. According to Gonsoulin, Ross accelerated while behind Francis and moved his vehicle to the right side of the single lane while Francis was in the middle of the lane. He stated that the impact occurred two to three seconds later.

After reviewing the record, we find the jury was not manifestly erroneous in allocating 100% fault to Ross. This finding is reasonable given the testimony of Francis and Francis' expert in accident reconstruction, Richard Fox, who found

that the accident was caused solely by Ross attempting to pass Francis on the right in a single lane of travel.

While there is evidence presented that Francis had some fault, it is contradicted by other evidence in the record. It is clear that the jury chose to give credence to one reasonable view of the evidence over another. Its choice cannot be manifestly erroneous. As such, this assignment of error lacks merit.

## LEXINGTON ASSIGNMENT OF ERROR NUMBER THREE:

In its final assignment of error, Lexington avers that the trial court erred in not allowing it to present evidence to the jury of the Courvilles' divorce proceedings resulting in excessive loss of consortium damages being awarded to Brooke Courville. We find no error by the trial court.

"The trial court is accorded vast discretion concerning the admission of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion." *Labarrera v. Boyd Gaming Corp.*, 13-629, p. 7 (La.App. 3 Cir. 1/30/14), 132 So.3d 1018, 1025, *writ denied*, 14-897 (La. 9/12/14), 147 So.3d 706. (citations omitted).

> [T]he 'law of the case' refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case. This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue.
>
> Nevertheless, the law-of-the-case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.

*Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.*, 260 La. 325, 256 So.2d 105, 107 (1971) (footnotes omitted).

8

Here, Lexington wanted to present evidence to the jury consisting of allegations made by Brooke Courville in the Courvilles' divorce proceedings as to the motivation behind her seeking a divorce. A motion in limine was decided prior to trial that addressed the admission of this evidence. The trial court found that the evidence was to be excluded. A writ was taken to this court on this very issue. This court denied the writ.

Lexington argues that the probative value of the evidence outweighed the potential prejudice of the evidence. This is tantamount to arguing that the previous ruling made by this court was incorrect. As such, we may exercise the law of the case doctrine and not reconsider this issue.

However, in this case, Lexington points out no evidence of how the $21,000.00 loss of consortium award in a matter involving a judgment in excess of $3,000,000.00 amounts to manifest injustice. The Courvilles testified and were cross-examined regarding their divorce, and the jury heard this testimony. As such, we find no abuse of the trial court's vast discretion on this matter.

## COURVILLES' ASSIGNMENT OF ERROR NUMBER ONE:

In their first assignment of error, the Courvilles maintain that the general damages awarded by the jury for Kodie Courville's injuries were so low as to amount to an abuse of discretion. We disagree.

> It is well-settled that vast discretion is accorded to the trier of fact in fixing general damage awards. La.Civ.Code art. 2324.1; *Howard v. Union Carbide Corp.*, 09-2750 (La.10/19/10), 50 So.3d 1251. This vast discretion is such that an appellate court should rarely disturb an award of general damages. Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). "An appellate court may not overturn an award for damages unless it is so out of proportion to the injury complained of that it shocks the conscience." *Harrington v. Wilson*, 08-544, p. 16 (La.App. 5 Cir. 1/13/09), 8 So.3d 30, 40.

9

*Smith v. Guidroz*, 12-1232, p. 15 (La.App. 3 Cir. 10/30/13), 125 So.3d 1268, 1278, *writ denied*, 13-2757 (La.2/14/14), 132 So.3d 962.

In the case before us, the medical records indicate that Kodie sustained injuries to his left shoulder, left hip, neck, thoracic spine, and lumbar spine. He underwent surgeries to his hip, shoulder, and cervical areas. There is also evidence in the record that he may have to undergo thoracic and lumbar surgery. Additionally, Kodie has been diagnosed with depression and pain disorder complex. It is quite clear that Kodie has endured a tremendous amount of pain and suffering. As such, if there were no factors present that could reasonably indicate that some of Kodie's pain and suffering were not caused by this accident, the general damage award of $371,000.00 would likely be insufficient.

The evidence in the record establishes that Kodie was in four incidents subsequent to the November 18, 2008 accident. These incidents were three automobile accidents and a physical altercation. Kodie did testify that these incidents were not the source of any of his pain. Rather, Kodie maintained that the source of all his pain was the November 18, 2008 accident.

However, there is evidence in the record that makes it reasonable for the jury to give no credence to Kodie's testimony that the November 18, 2008 accident was the sole source of his pain and suffering. After the November 18, 2008 accident, Kodie continued to work for six months. Thereafter, two months after a second vehicle accident, Kodie stopped working. It was also not until after that second vehicle accident that Kodie's physician recommended additional treatment to Kodie's neck. Approximately three years later, Kodie was in a third vehicle accident. It was after that third accident that Kodie complained of neck pain for the first time in three years. Next, after a physical altercation with a roommate,

10

Kodie reported an increase in pain to his treating physician. Finally, some years later, Kodie was involved in a fourth vehicle accident. After this final accident, Kodie reported back pain.

Given the standard of review and the contents of the record, we cannot say that the jury award of $371,000.00 for general damages was abusively low. The subsequent incidents could be found to cause some of Kodie's pain and suffering. Thus, the jury's general damage awards have a reasonable basis. Accordingly, we find no merit to this assignment of error.

**COURVILLES ASSIGNMENT OF ERROR NUMBER TWO:**

In their final assignment of error, the Courvilles assert that the trial court erred in its refusal to allow introduction into evidence of other individuals working in Kodie's field of work, the Non-Destructive Testing Industry, and the amounts they earned in support of Kodie's earning capacity loss claim. We find this assertion lacks merit.

As stated above, the standard of review is that "[t]he trial court is accorded vast discretion concerning the admission of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion." *Labarrera*, 132 So.3d at 1025 (citations omitted).

First, we note that the Courvilles failed to proffer the evidence from one of the two individuals working in Kodie's field, Jeremy Bellard. La.Code Civ.P.art. 1636(A) provides "[w]hen the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence." Without a proffer, there is no evidence for appellate court to review. Thus, any argument regarding Bellard's testimony will not be considered, as there is nothing for this court to review.

Next, the trial court excluded the affidavit of Kodie Courville, the testimony of Mario Castro, and the damages summary prepared by economist John Theriot. Regarding Kodie's affidavit, Kodie testified at trial regarding his training, certifications, and desires to start his own company in the future. Accordingly, the exclusion of his affidavit was merely excluding duplicative testimony. As such, it was not an abuse of discretion.

The trial court also excluded the testimony of Mario Castro, a contemporary of Kodie's. He testified that he was earning twice the amount that the jury ultimately awarded Kodie for loss of earning capacity and future income. This testimony amounts to anecdotal evidence which is but a single sample not established to be an accurate reflection of earnings for the same position throughout the industry.

Economist John Theriot used Castro's figure to reach a determination as to what Kodie would have earned. Thus, Theriot's report is based on Castro's single-sample, anecdotal evidence.

Contrarily, Kodie's expert in vocational rehabilitation services, Ted Deshotels, testified at trial regarding Kodie's loss of earning capacity. Deshotels testified to the industry standard in intricate detail as to how he reached his conclusions regarding Kodie's loss of earning capacity. Thus, in reviewing the evidence, Castro and Theriot's testimony was of lesser value in comparison to that which was given by Deshotels who used recognized methods with a sample size that included compiled labor statistics.

As such, we cannot say that the trial court abused its vast discretion in excluding Castro and Theriot's testimony as being speculative. One could reasonably find that their testimonies were not the best evidence on Kodie's loss of earning capacity. Further, we cannot say that Kodie was prejudiced by their

12

exclusion given that he presented to the jury his own expert's opinion on the issue of his loss of earning capacity. Accordingly, we find no merit to this assignment of error.

## DISPOSITION:

Lexington Insurance Company raises three assignments of error. We find no merit to any of these assignments. Kodie and Brooke Courville answer the appeal and raise two assignments of error. Again, we find no merit to these assignments. Accordingly, we affirm the judgment of the trial court and jury below. All costs of these proceedings are assessed to Lexington Insurance Company.

**AFFIRMED.**