EDWIN A. LOMBARD, Judge.
 

 hThe defendant, Theron Braud, appeals his conviction and sentence for second offense possession of marijuana, requesting only a review of the record for errors patent. Because such review finds no error, we affirm Braud’s conviction and sentence and grant his counsel’s motion to withdraw.
 

 Relevant Facts and Procedural History
 

 The defendant was charged on January 20, 2009, by bill of information with one count of possession of second-offense marijuana in violation of La.Rev.Stat. 40:966(E)(2) and one count of possession of MDMA (ecstasy) in violation of La.Rev. Stat. 40:966(0(3). He pleaded guilty to both counts on October 9, 2009, reserving his rights under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), to appeal only the marijuana count. He was originally sentenced on each count to a two-year suspended sentence but, following the court’s finding that the defendant violated his probation, the court resentenced him on April 16, 2010 to serve concurrent eighteen-month sentences at hard labor.
 

 The facts of the offense are not found in the appeal record.
 

 |
 
 ^Discussion
 

 By his sole assignment of error, the defendant requests a review of the record for errors patent. Counsel for the defendant on appeal has complied with the procedures outlined by
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4 Cir.1990) and filed a brief in compliance with
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a con
 
 *869
 
 scientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed the record and found no trial court ruling that arguably supports the appeal. Counsel noted that the sole issue preserved for appeal, the alleged unconstitutionality of La.Rev.Stat. 40:966(E), has been rejected both by the Louisiana Supreme Court and this Court.
 
 See State v. Jefferson,
 
 2008-2204 (La.12/1/09), 26 So.3d 112;
 
 State v. George,
 
 2008-1193 (La.App. 4 Cir. 3/11/10), 34 So.3d 941. A copy of counsel’s brief was forwarded to the defendant and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court’s review is limited to errors on the face of the record. La.Code Crim. Proc. art. 920.
 

 As per
 
 State v. Benjamin,
 
 we performed an independent, thorough review of the pleadings, minute entries, and the bill of information in the appeal record. The defendant was properly charged by bill of information with possession of marijuana, second offense in violation of La.Rev.Stat. 40:966(E)(2) and the bill of information was signed by an assistant district attorney. The record does not show that the defendant was formally arraigned. Nonetheless, La.Code Crim. Proc. art. 555 provides that the failure to arraign a defendant is waived if the defendant 1 /‘enters upon trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.”
 
 See State v. Foreman,
 
 2008-0902 (La.App. 4 Cir. 4/29/09), 10 So.3d 1238. Although the defendant did not go to trial, the minute entry of October 8, 2009 indicates that he withdrew his prior plea of not guilty before he pleaded guilty as charged. Accordingly, all of the parties were apparently under the impression that he had formerly pleaded not guilty. Therefore, any error that may have occurred by the court’s failure to arraign the defendant was cured when he pleaded guilty to the bill of information.
 

 The defendant was present and represented by counsel while pleading guilty and at sentencing. His guilty plea and sentence are legal in all respects.
 
 Conclusion
 

 Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal. Therefore, we affirm the defendant’s guilty plea and sentence and grant appellate counsel’s motion to withdraw.
 

 CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.