DANIEL L. DYSART, Judge.
| Appellant Brett Cox is before this Court seeking to have his guilty pleas vacated on the grounds that all of the evidence against him was illegally seized and thus should have been suppressed. For the reasons discussed below we affirm the defendant’s convictions and sentences.
PROCEDURAL BACKGROUND
On March 4, 2010, the defendant was charged with one count of violating La. R.S. 14:95 E, possession of a firearm while in the possession of marijuana, and one count of violating La. R.S. 40:967(F), possession of more than twenty-eight, but less than two-hundred, grams of cocaine. Motion hearings were conducted on June 18, 2010 and the trial court withheld ruling at that time in order to receive and review post-motion memorandums. Post hearing memorandums were filed on behalf of the defendant and the State. On July 27, 2010, the court granted defendant’s motion to suppress the evidence. The State sought supervisory review of the ruling. In an unpublished opinion this court granted the State’s writ, reversed the trial court’s ruling on the suppression of the evidence and remanded the matter to the trial court. State v. Cox, 2010-1251 (La.App. 4 Cir. 9/8/10), unpub., writ denied, 2010-2280 (La.10/25/10), 48 So.3d 279. Defendant filed for 12a rehearing with this Court on September 13, 2010, which was denied on September 15, 2010. Defendant *254 then applied for a writ to the Supreme Court which was also denied.[1]
On December 9, 2010, the State amended both counts of the bill to charge attempt (La. R.S. 14:27). The defendant entered Crosby[2] guilty pleas and was sentenced on each count to serve concurrent three year sentences at hard labor. The court ordered the sentence on count one to be served without the benefit of probation, parole, or suspension of sentence. The court imposed a fine of $5,000 on count one and $25,000 on count two. On January 4, 2011, the trial court granted the defendant’s motion for an appeal. Defendant’s appeal was filed in this Court on May 19, 2011.
FACTUAL BACKGROUND
Because defendant pled guilty, there is no trial transcript, and therefore the facts have been gathered from the transcript of the pretrial motion hearing, which was reviewed by this Court in the aforementioned writ proceeding.
Testimony at the suppression hearing reflected that a Louisiana State Police Task Force was conducting a narcotics investigation when they received information that the defendant was associating with a known drug dealer. They went to the defendant’s residence which was a separate structure located in the rear of 1218 Barracks Street. The 6 members of the task force knocked at the door of the main residence and the owner, Gary Frankston, answered and told the officers |3defendant Brett Cox lived in the rear structure. Without permission from Mr. Frankston the officers opened the gate, which lead to the rear structure by removing a bungee cord. They knocked on the door to the rear structure which was answered by defendant Cox. At this point the facts are disputed as to whether the officers walked into Mr. Cox’s residence or he invited them in; however, it is undisputed that at some point after entering the residence the officers obtained a Consent to Search from Mr. Cox. Evidence was seized by the officers, which they observed and was pointed out to them by the defendant.
ERRORS PATENT
A review of the record for errors patent reveals one. The waiver of rights forms signed by the defendant, one for each count, state that each charge required a minimum sentence of two and one-half years. The transcript of the guilty pleas similarly shows that the trial court informed the defendant that there was a minimum sentence of two and one-half years on each count. However, this information was incorrect. The Louisiana Supreme Court has noted that “La.Rev. Stat. 14:27 D(3) by its terms provides only a maximum sentence for a conviction of attempting to commit a crime. There is no express statutory minimum sentence for being convicted of an attempt, and principles of lenity require that the statute be strictly construed.”[3] State v. Callahan, 95-1331, p. 1 (La.3/29/96), 671 So.2d 903. *255 See also State v. Brown, 2000-2120 (La.App. 4 Cir. 12/19/01), 804 So.2d 863.
| .(Nevertheless, the record clearly establishes that the defendant was advised of his constitutional rights prior to entering his guilty pleas. The defendant and the State entered into an agreement in which the defendant would receive a sentence of three years on each count, more than the minimum sentence which the defendant was led to believe was required by law, to run concurrently. The sentences imposed by the trial court were in accordance with the plea bargain. The plea bargain was clearly favorable to the defendant considering the testimony and the evidence seized.[4] Therefore, on the record before this Court, the misinformation provided to the defendant does not appear to have had an impact on his decision to plead guilty or to have prejudiced him. Thus, the error is harmless. See State v. Dickerson, 10-672, pp. 13-16 (La.App. 5 Cir. 4/26/11), 65 So.3d 172, 180-82, and the cases discussed therein.[5]
STANDARD OF REVIEW
As the “law of the case” doctrine applies herein we must review whether the prior ruling reached by this Court would accomplish an obvious injustice or was manifestly erroneous.
DISCUSSION
The sole error assigned by the appellant is that his motion to suppress evidence should have been granted. As noted above, the trial court did grant the motion, specifically finding that the officers needed consent before removing the bungee cord and opening the solid metal gate leading to the rear of the property. [fiThe State successfully obtained supervisory review of that ruling; this Court found that the trial court abused its discretion in granting the motion. State v. Cox, unpub., 2010-1251 (La.App. 4 Cir. 9/8/10), writ denied 2010-2280 (La.10/25/10), 48 So.3d 279. A review of that writ application reflects that the State provided this Court with the transcripts of the motion hearing and the court’s ruling. The State also provided copies of the post-hearing memoranda filed in the trial court, thus providing this Court with the defendant’s argument. Further, defendant applied for a rehearing with this court which was briefed. Thus, this Court had a complete record upon which to base its decision. There have been no additional proceedings held in the trial court which would provide this Court with evidence it did not have at the time it considered the State’s writ application and application for rehearing. In particular, because the defendant entered guilty pleas, there was no trial and thus no additional testimony for this Court’s consideration.
As stated, this Court has already ruled on this issue. The district court held an evidentiary hearing after which it suppressed the evidence obtained from the search of defendant’s residence. The State sought supervisory writs to this Court, which found that the trial court abused its discretion in granting the motion to suppress, reversed the ruling and remanded the matter. The defendant did *256 not present any new evidence subsequent to this Court’s ruling to show that these rulings were in error. Consequently, this claim is barred from consideration on appeal by the “law of the case” doctrine.
| r,The “law of the case” doctrine is well-settled; when it is applied and the reasons for it were explained in State v. McElveen, 2010-0172, p. 13, fn. 8 (La.App. 4 Cir. 9/28/11), 73 So.3d 1033, 1054:
The “law of the case” doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process. See Pumphrey v. City of New Orleans, 2005-0979 (La.4/4/06), 925 So.2d 1202. This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the “law of the ease” doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). This doctrine is not an inflexible law; thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous.
See also State v. Scoggins, 2010-0869, p. 19 (La.App. 4 Cir. 6/17/11), 70 So.3d 145, 156. In this instance, even if the initial entry through the metal gate after removing the bungee cord was improper, defendant Cox’s subsequent consent to search purged the initial search of any taint. State v. Williams, 353 So.2d 1299 (La.1977); State v. Harper, 27,278 (La.App. 2 Cir. 8/23/95), 660 So.2d 537; State v. Henry, 440 So.2d 872 (La.App. 2 Cir.1983).
CONCLUSION
In this matter, there are no additional facts or evidence which would warrant reconsideration of this Court’s ruling in the pretrial writ application. Accordingly, the convictions and resulting sentences are affirmed.
AFFIRMED

. 2010-2280 (La.10/25/10), 48 So.3d 279.

. The defendant entered his guilty pleas pursuant to State v. Crosby, 338 So.2d 584 (La.1976), which allows a defendant who enters a guilty plea to reserve his right to appeal from an adverse pretrial ruling. A review of the guilty plea transcript reflects that the defendant was aware that the adverse ruling was from this Court.

.La. R.S. 14:27(D)(3) provides:
D. Whoever attempts to commit any crime shall be punished as follows:
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

. If the defendant had been convicted of count two as charged, he was subject to a minimum sentence of five years without the benefit of probation or parole and a maximum sentence of thirty years, of which the first five years would be without benefits, and a mandatory fine of not less than $50,000 nor more than $150,000. La. R.S. 40:967(F)(G).

. It should be noted that the defendant can raise the issue of whether his guilty pleas were constitutionally infirm due to this misinformation in a post-conviction relief application at which time the trial court could conduct an evidentiary hearing at which defense counsel and the defendant could testify regarding the defendant’s motivation for pleading guilty.