TERRI F. LOVE, Judge.
Lin this criminal case, Morris Patín appeals his guilty plea and sentence to manslaughter, asserting that the trial court erred by denying his motion to quash the charge against him based upon the violation of his constitutional and statutory rights to a speedy trial.
After finding that neither of these claims has merit, we affirm the judgment of the trial court.
STATEMENT OF THE CASE
Morris Patín and Eugene Thomas were indicted on February 28, 2002, for the first degree murder of Christopher McCrory. They pled not guilty at their arraignment on March 6, 2002. The case was reset for determination of counsel for both defendants, and both defendants appeared with counsel on May 10, 2002. The court held motion hearings on June 14 and July 10, 2002, and at the conclusion of the latter hearing, the court denied the motions to suppress. The court set trial for August 18, 2002. Trial was reset several times after that, and on October 31, 2002, the State nolle prosequied the charges.
On October 17, 2002, the State obtained a superseding first degree murder indictment against Patín, Thomas, and Eric McCormick, a charge to which they |2pled not guilty. This is the case at bar. Each defendant had separate counsel who filed various pretrial motions. In May 2003, the court severed the trial of McCormick from that of Patín and Thomas. In October 2003, the State brought McCormick to trial, which ended in a mistrial. The State then indicated that it would try Patín and Thomas. Trial as to these two defendants was reset several times, sometimes by joint motion. The final continuance prior to Hurricane Katrina reset the trial to September 12, 2005.
The next action in the case occurred when the State set a status hearing for June 30, 2006. Counsel for Patín withdrew, and new counsel enrolled. In August 2006, McCormick moved to quash the charge against him. The court granted McCormick’s motion in September 2006, and the State appealed the ruling. However, the State subsequently dismissed its appeal because McCormick died.
The court set trial for Patín and Thomas for November 13, 2006. On that date, counsel for Thomas withdrew, and the *544 matter was reset again. When new counsel for Thomas enrolled, he filed more pretrial motions. Trial was set for June 25, 2007, but then was continued to November 5. On that date, counsel for Patin withdrew, and the trial was reset on joint motion by Patin and the State, over Thomas’ objection. New counsel eventually enrolled and filed several more pretrial motions. The matter was reset several times, and on April 20, 2009, the State amended the indictment to charge Thomas and Pa-tin with second degree murder. Counsel for Thomas withdrew; new counsel enrolled in July and filed a motion to sever the trials of Thomas and Patin. The matter was reset several more times, and on August 31, Patin filed a motion to quash the indictment. Thomas filed his motion to quash on September 3. The court heard the matter on September 10 and denied the motions on statutory grounds. The court held open |sthe opportunity for an evidentiary hearing on each defendants’ constitutional claim. On October 28, 2009, after denying the defendants’ motion for an evidentiary hearing, the court denied both motions to quash. The court set a trial date of February 1, 2010. Both defendants objected and noted their intent to seek writs, and the court granted the defendants until November 30. On November 19, the court granted Thomas’ motion to sever. The State objected and noted its intent to seek writs, and the court granted the State until December 21 to do so, staying all proceedings while the State sought writs. The State failed to seek relief, and on January 4, 2010, the court set the matter for January 13 for the State to indicate which defendant it intended to try first. On January 13, the State elected to try Patin first, and the court ruled that all dates previously set were to remain in effect.
This court granted both Patin’s and Thomas’ writ applications, vacated the court’s denial of their motions to quash, and remanded the cases with the instructions to allow the defendants to present evidence on the issue of prejudice from the delay in going to trial. State v. Patin, unpub. 2009-1620 (La.App. 4 Cir. 1/29/10); State v. Thomas, unpub. 2009-1647 (La.App. 4 Cir. 1/27/10).
On remand, the court heard the matter on February 4, 2010. At the conclusion of the hearing, the court granted both motions to quash only on the issue of the violation of the defendants’ constitutional right to speedy trial. The State noted its intent to appeal, and the court stayed the release of the defendants to allow the State time to file its appeal. On February 10, the court denied the defendants’ motion for release pending the State’s appeal. Both defendants sought writs, which this court granted, ordering the defendants’ release. State v. Thomas, unpub. 2010-0205 (La.App. 4 Cir. 2/11/10); State v. Patin, unpub. 2010-0206 (La.App. 4 Cir. 2/11/10). However, the Supreme Court reversed this court’s release, bordering a stay of their release until further orders from that Court. The Court then ordered the State to file its appeal “forthwith” and this court to give the State’s appeal expedited consideration. State v. Patin, 2010-0335 (La.2/24/10), 28 So.3d 261.
Thomas filed a writ in this court seeking reversal of the trial court’s denial of his motion to quash on statutory speedy trial grounds. This court denied writs, noting that it did not have jurisdiction to consider the application because of the State’s pending appeal. State v. Thomas, unpub. 2010-0303 (La.App. 4 Cir. 3/1/10). Thomas sought relief in the Supreme Court. The Court granted the writ, remanding the writ to this court to be considered as a cross-application to the State’s appeal. The Court also directed this court to give the appeal expedited consideration. State *545 v. Thomas, 2010-0586 (La.3/31/10), 31 So.3d 353. Patin, however, did not seek review of the trial court’s denial of his motion to quash on statutory grounds.
This court subsequently consolidated the State’s appeals as to Patín and Thomas, and it reversed the trial court’s rulings as to both defendants. State v. Thomas, 2010-0528, 2010-0529 (La.App. 4 Cir. 7/15/10), 54 So.3d 1. The Supreme Court denied writs, State v. Thomas, 2010-1517 (La.9/3/10), 44 So.3d 702, and the U.S. Supreme Court dismissed the subsequent writ, Thomas v. Louisiana, — U.S. —, 131 S.Ct. 556, 178 L.Ed.2d 411(2010).
On remand, a jury found Thomas not guilty on October 7, 2010. On October 18, 2010, the State amended the bill of indictment to charge Patín with manslaughter, and Patín pled guilty as charged under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s denial of his motion to quash. The liiCourt sentenced him to serve ten years at hard labor and granted his motion for appeal.
FACTS AND PROCEDURAL HISTORY
The facts of the offense are relatively unknown; the record contains neither any pretrial suppression hearing transcripts nor any police reports other than a short one involving the arrest of McCormick, a former codefendant. Patín and Thomas were charged with shooting Christopher McCrory, Malcolm Green, and Troy Steen on Parc Brittany Court on December 23, 2001. McCrory died as a result of the shooting. Green and Steen survived their wounds, but Green is now deceased. Green and Steen apparently gave statements indicating that there were three gunmen involved in the shooting. Patín became a suspect, and on December 26, 2001, Patín surrendered to the police. Thomas, his brother, accompanied him to the police station and gave a statement. He and Patín were both arrested for the murder. A grand jury returned an indictment charging both of them for the first degree murder of McCrory. A Crime Stopper tip in August 2002 led to the arrest of Eric McCormick as the third shooter, and in October 2002 the grand jury returned a new indictment charging all three defendants with first degree murder.
Patin’s and Thomas’ defense was that they were at the Lake Forest Plaza mall at the time of the shooting.
Because Patin’s constitutional speedy trial claim is based on the length of time he has been incarcerated for the present offense, see State v. Page, 95-2401 (La.App. 4 Cir. 8/21/96), 680 So.2d 700, the following is a chronology of all the events leading up to the present appeal:
Magistrate # 39604.8
12/27/01 First appearance; bond set; rule to show cause set for 1/8/02
|fil/8/02 Rule to show cause reset 1/11/02
1/11/02 Preliminary hearing set for 1/18/02
1/18/02 Preliminary hearing reset to 1/25/02
1/25/02 Patín represented by J.C. Lawrence; probable cause found; rule to show cause set for 2/27/02
2/27/02 Rule to show cause reset to 3/1/02

#428-349

2/28/02 Patín and Thomas indicted for 14:30
3/1/02 Case allotted to Section D
*546 3/6/02 Both defendants appeared and pled not guilty; hearing to determine counsel for both set for 8/27/02
3/27/02 Reset for a status hearing on 4/12/02
4/4/02 Status hearing reset to 4/10/02
4/10/02 Motion hearing set 5/10/02
5/10/02 Patín appeared with counsel Sonny Armond; Thomas appeared with counsel Clyde Merritt of the Orleans Indigent Defender Program; reset motions to 6/13/02
6/13/02 Reset motions to 6/14/02
6/14/02 More motions heard, to be completed on 7/10/02; trial 8/13/02
7/10/02 Counsel present and motions heard; witnesses called; court denied motion to suppress; trial set 8/13/02
7/15/02 Trial reset to 9/24/02, no indication on whose motion
9/17/02 Trial reset to 11/12/02 on State’s motion
9/24/02 Trial reset to 10/21/02 on State’s motion
10/21/02 Matter set in error; trial reset to 10/23/02
10/23/02 Defendants not brought up from jail; status set 10/28/02
10/28/02 Counsel present without defendants; status reset to 10/31/02
1710/31/02 Charges nolle prosequied as to each defendant; case closed

#m-092

10/17/02 Patín, Thomas, and McCormick indicted for La.R.S. 14:30
10/18/02 Case allotted to Section G; arraignment set for 10/22/02
10/22/02 Arraignment reset on motion of counsel for McCormick to 10/24/02
10/24/02 All defendants, accompanied by counsel, pled not guilty (Armond for Patín, Merritt for Thomas, Kerry Cuccia for McCormick); motions to be filed by 10/29/02; status set 10/31/02
10/30/02 Patín filed motion to quash (based on allegation of deficient indictment) and motion to adopt for all defendants any motion filed by any defendant
10/31/02 Court ordered State’s response by 11/18/02, rebuttal due 11/15/02; hearing set 11/15/02
11/7/02 Patín filed memorandum of law
11/18/02 State filed response to motion to quash; counsel for Patín and McCormick argued; status set 11/27/02
11/27/02 Court closed; reset 1/9/03
1/9/03 Ruling reset to 1/27/03 (McCormick attorney not present)
1/27/03 Motion to quash denied; motion hearing set for 2/27/03, trial 3/13/03'
2/24/03 Hearing reset on State’s motion to 3/7/03 for outstanding discovery as to all defendants
3/7/03 State filed motion for discovery and its answers; all dates to remain in effect
3/13/03 Motions set as to McCormick only; motion to suppress denied and probable cause found; scheduling conference set for 3/25/03
3/25/03 Attorneys for all defendants present; court reset discovery conference to 4/10/03; motions for 4/15/03; pretrial hearing for 5/9/03; and trial for 5/19/03
4/10/03 Defendants not brought up from jail; reset to 4/15/03
184/15/03 Defendants present; reset motion hearing to 5/6/03
5/6/03 McCormick filed motion to sever; reset motion hearing to 5/12/03
5/12/03 State advised all motions have been satisfied; court denied motion to sever as premature; final discovery *547 conference (possibly for McCormick) set 5/19/03
5/15/03 Patin filed various motions for subpoenas duces tecum, returnable 5/29/03
5/19/03 Court granted McCormick’s motion to sever; State indicated it will try McCormick first; final pretrial hearing set for 7/11/03; trial as to McCormick set 7/21/03; trial as to Patin and Thomas set 8/25/03
7/15/03 Trial for McCormick reset to 10/20/03
7/22/03 Patin filed motion to quash (based on composition of grand jury claim); hearing set 7/31/03
7/31/03 Counsel for Patin not present; reset on defense motion without date; all other dates to remain in effect
8/20/03 Patin filed motion to continue trial of 8/25/03; granted, reset to 10/20/03
10/20/03 Patin and Thomas status set 10/21/03
10/21/03 Status reset to 11/4/03
10/22/03 McCormick’s trial ended in a mistrial
11/4/03 State to proceed with trial for Patin and Thomas first; final pretrial set 1/30/04, trial 2/9/04
1/30/04 Joint continuance of trial by State and both defendants to 4/26/04
4/20/04 Patin moved for continuance of trial; granted, reset to 6/28/04
4/26/04 Thomas appeared; trial reset to 6/28/04 as per continuance by Patin
6/17/04 Patin moved for continuance of trial; motion hearing as to Patin set 8/2/04; status 8/2/04 as to Thomas and McCormick
08/02/04 State granted continuance; pretrial 10/18/04 & trial 10/25/04 as to Patin & Thomas
10/18/04 State moved to continue; status set 10/21/04
1910/19/04 Counsel for Patin appeared, made no objection to State’s continuance; reset trial to 1/24/05
1/21/05 Matter reset on motion of both defendants and State; trial 3/28/05
3/11/05 Trial reset on Thomas’ motion to 6/20/05
3/28/05 Patin moved to continue trial; 701 release as to Patin denied; reset status 3/29/05
3/29/05 All counsel present; trial for Patin and Thomas reset to 6/20/05
6/20/05 Trial reset on Thomas’ motion to 9/12/05
6/13/06 ADA set status hearing 6/30/06
6/30/06 Defendants not present; status set 7/27/06 for Patin and Thomas and for determination of counsel for Patin
7/27/06 Counsel for Patin (Armond) withdrew; determination of counsel for Patin and status for Thomas set 8/14/06
8/14/06 Determination of counsel for Patin set 9/20/06; status for Thomas set 9/5/06
8/15/06 New counsel for Patin (Edwin Hawkins) signed record; scheduling conference for all defendants set 8/24/06
8/24/06 McCormick filed motion to quash
9/5/06 Trial set 11/13/06 for Patin (John Fuller enrolled as co-counsel) and Thomas (Merritt — co-counsel Dwight Doskey allowed to withdraw because no longer employed by OIDP)
11/13/06 Patin and State ready for trial; counsel for Thomas no longer represents him (Merritt no longer employed by the now-Orleans Parish Defender office); status set 11/17/06
*548 11/17/06 Patín status hearing reset 12/11/06; new counsel (Lewis Ungles-by) to appear for Thomas 11/27/06
11/27/06 Court closed due to bomb threat; reset 12/11/06
12/11/06 New counsel for Thomas (Un-glesby) signed record; pretrial conference as to Patín and Thomas set 1/17/07
1/17/07 Defendants not brought to court; reset 2/5/07
2/5/07 Trial for Patín and Thomas set 6/25/07
hn6/6/07 Thomas filed motion to continue trial
6/20/07 Thomas filed applications for subpoenas duces tecum, returnable 7/12/07
6/25/07 Trial continued to 11/5/07 for Patín and Thomas
11/5/07 Counsel for Patín (Hawkins) withdrew; trial'continued on joint motion of Patín and State; Thomas objected to continuance; determination of counsel for Patín set 1/7/08
1/7/08 New counsel (Dennis Moore) accepted appointment for Patín, but must wait to see if appointment needs to be submitted to the conflict panel; reset to 1/11/08
1/11/08 Status reset to 1/17/08
1/17/08 Patin’s attorney (OPD) requested one week extension for determination of counsel; reset to 1/25/08
1/25/08 Counsel still uncertain as to Patín; reset to 1/28/08
1/28/08 Yet different counsel (David Price of the Baton Rouge Capital Conflict Office) will represent Patín; status set 2/12/08
2/12/08 Thomas’ counsel not present; Patin’s counsel had a scheduling conflict and could not appear that day for hearing; continued on defense motion to 2/19/08
2/19/08 Counsel for Patín (Price) appointed and enrolled; status for Patín and Thomas set 3/3/08
3/3/08 Both counsel appeared; discovery hearing for both set 4/17/08; status set 5/2/08; motion hearing set 6/9/08
4/17/08 Discovery heard; status set as to both 5/2/08
5/2/08 Patín filed several pretrial motions; motion hearing 6/9/08 as to both
6/9/08 Another trial in progress; reset for motions for both defendants to 7/22/08
7/22/08 State filed answers to Patin’s motions; hearing on motions reset on State motion to 8/19/08
8/19/08 Court ruled on various motions filed by Patín, but another motion hearing set for 9/30/08; Patín to seek writs, granted seven days to do so
ln8/26/08 Patín granted to 8/29/08 to seek writs
8/29/08 Court closed due to Hurricane Gustav; prior dates to remain
9/30/08 Another trial in progress; reset motion hearing to 11/30/08
10/24/08 Court received this court’s judgment of denial in 2008-K-1138 (writ taken by Patín on State’s intention to introduce victim impact testimony at penalty phase of trial)
11/3/08 Court rendered more judgments on Patin’s outstanding motions; trial set for 4/20/09
2/5/09 Patin’s writ denied by Supreme Court 2008-KH-2766
3/10/09 Patín filed notice of receipt of evidence; notation that motions still outstanding
3/26/09 Patín filed more pretrial motions, placed items under seal, re *549 quested hearing on each motion; hearing set 4/1/09
4/1/09 Patín moved for ruling on outstanding motions; hearing set 4/16/09; State granted continuance of 4/20/09 trial; status set 4/20/09
4/16/09 Patín appeared for discovery hearing; brief hearing held; status 4/20/09
4/20/09 State amended indictment to 14:30.1 as to both defendants; status set 5/18/09 and trial 7/27/09 as to both
5/18/09 Another trial in progress; status not held; keep all dates
7/9/09 Counsel for Thomas (Unglesby) withdrew; but the minute entry notes that Thomas waived any potential conflict, and the court ordered Unglesby to remain as counsel
7/24/09 New counsel for Thomas (Trida Ward of OPD) appeared and filed motion to sever defendants; status set 7/27/09
7/27/09 Another trial in progress; motion to sever reset to 7/31/09, trial set 9/14/09
7/31/09 Status hearing set 8/7/09
8/7/09 Motion hearing set 8/13/09 |128/13/09 Motion hearing set 9/3/09, trial 10/12/09 as to both defendants; Un-glesby re-enrolled to be co-counsel with present counsel for Thomas
8/20/09 Trial reset to 10/13/09 as 10/12/09 is Columbus Day and court would be closed
8/31/09 Patín filed motion to quash based on statutory and constitutional speedy trial grounds
9/1/09 Ruling on Patin’s motion to quash set 9/3/09
9/3/09 State moved to continue hearing on Patin’s motion to quash; Thomas filed motion to quash on statutory and constitutional speedy trial grounds; hearing on all set 9/10/09
9/10/09 Hearing held; matter reset for evidentiary hearing 9/24/09
9/22/09 Thomas filed motion for instan-ters
9/24/09 Another trial in progress; matter continued over both defendants’ objection to 10/15/09
10/13/09 Trial date moot; keep eviden-tiary hearing of 10/15/09
10/15/09 Court was closed; reset evi-dentiary hearing to 10/28/09
10/28/09 Court denied motions to quash and denied evidentiary hearing; both defendants objected, granted to 11/30/09 to file writs; Thomas asked for evidentiary hearing on motion to sever, hearing set 11/19/09; trial as to both set 2/1 /10
11/19/09 Court granted Thomas’s motion to sever, found Patin’s motion to sever moot; State to take writs by 12/21/09; case stayed pending State’s writ; status set 12/21/09
12/1/09 Thomas obtained extension of time to file writ
1/4/10 Both defendants appeared; State did not take writ; reset to 1/13/10 for determination of which defendant State will try first
1/13/10 State indicated it will try Patín first; all dates to remain in effect
1/29/10 This court reversed court’s ruling on the motion to quash and remanded the case for evidentiary hearing
2/4/10 The trial court held the hearing and granted the motion to quash on constitutional speedy trial grounds
11s6/27/10 This court reversed the trial court and remanded the case
9/3/10 The Louisiana Supreme Court denied Patin’s writ from this court’s ruling
*550 10/5/10 Patín filed requests for subpoenas and various motions, including a motion to declare La.C.Cr.P. art. 782 A unconstitutional because it permits non-unanimous verdicts; Patín also moved that a hearing on these matters be set for October 14
10/14/10 The trial court denied Patin’s various motions; he noted his intent to seek writs in this court, and the trial court set a return date of October 18
10/18/10 The State amended the indictment to charge Patín with manslaughter; Patín pled guilty under Alford and Crosby; the court sentenced Pa-tín to serve ten years at hard labor
ASSIGNMENTS OF ERROR
1. Appellant Morris Patín asserts the eight-year delay in prosecuting his case violated his constitutional rights.
2. Appellant Morris Patín asserts the eight-year delay in prosecuting his case violated his statutory rights.
3. Appellant Morris Patins avers the trial court erred by denying his motion to quash based upon statutory grounds.
LAW AND DISCUSSION

Errors Patent

A review of the record reveals no patent errors.

Assignments of Error

By his assignments of error, the Appellant Patín contends that both his constitutional and statutory rights to a speedy trial were violated by the delay in taking him to trial. As he did in the trial court in 2009, he argues that the amount of time that has elapsed since he was first charged with murder in the original case, which at the time of his Crosby plea was almost nine years, was so long that it violated his constitutional right to a speedy trial. He further argues that his 114statutory right to a speedy trial was violated because the State failed to bring him to trial within the time limitations set forth in La.C.Cr.P. art. 578. We find that neither of these claims has merit.

Constitutional Right to a Speedy Trial

Appellant contends his constitutional right to a speedy trial has been violated because over eight years elapsed between the filing of the first indictment and the filing of his motion to quash. This issue was raised, fully discussed, and rejected by this court in the State’s prior appeal of the trial court’s granting of the motion to quash. See Thomas, 2010-0528, 2010-0529, 54 So.3d 1. For this reason, the State argues that this issue should not be considered in this appeal, citing the “law of the case” doctrine. This court recently discussed this doctrine in State v. Cox, 2011-0670, pp. 5-6 (La.App. 4 Cir. 2/22/12), 85 So.3d 252, 256:
The “law of the case” doctrine is well-settled; when it is applied and the reasons for it were explained in State v. McElveen, 2010-0172, p. 13, fn. 8 (La.App. 4 Cir. 9/28/11), 73 So.3d 1033, 1054:
The “law of the case” doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process. See Pumphrey v. City of New Orleans, 2005-0979 (La.4/4/06), 925 So.2d 1202. This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the “law of the case” doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to *551 promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). This doctrine is not an inflexible [ islaw; thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous.
See also State v. Scoggins, 2010-0869, p. 19 (La.App. 4 Cir. 6/17/11), 70 So.3d 145, 156.
In Cox, the trial court granted the defendant’s motion to suppress. The State took writs, and this court reversed the trial court’s ruling. On remand, the defendant withdrew his not guilty plea and pled guilty under Crosby, reserving his right to appeal the denial of his motion to suppress the evidence. No new testimony was taken, nor were any new arguments or pleadings filed. On appeal, this court applied the “law of the case” and refused to revisit the issue of the suppression of the evidence.
In McElveen, from which this court quoted in Cox, the defendants argued the trial court erred by excluding evidence that the defendants contended would impeach the credibility of a State’s witness. This court refused to consider the argument, noting that it had already ruled on the matter in a pretrial writ from the State, and the defendants had presented no new evidence to show that this court’s earlier ruling was in error. Likewise, in Scoggins, also cited in Cox, the defendant alleged that the trial court erred by allowing and then limiting testimony in violation of the “clergyman’s privilege.” This court refused to reconsider the claim, noting that it had been considered both by this court and the Supreme Court pre-trial, and the defendant had not presented any new evidence to convince this court that it erred in its earlier ruling.
In the case at hand, Appellant Patín raises the same constitutional speedy trial claim as was raised in the State’s earlier appeal. The record is void of any | ^evidence that he re-urged his motion to quash after the case was remanded and the Supreme Court denied the writ. Additionally, Appellant has failed to present any new evidence for this court to consider.
Considering that this court has already found that Appellant Patin’s constitutional right to a speedy trial has not been violated, and he has presented no new evidence to dispute this ruling, this court will not reconsider this matter under the “law of the case” doctrine.

Statutory Right to a Speedy Trial

Appellant Patín also argues that his statutory right to a speedy trial has been violated because the State failed to bring him to trial within the statutory limits set forth in La.C.Cr.P. art. 578. The trial court denied Appellant’s motion to quash based on statutory speedy trial grounds on September 10, 2009. Appellant Patín sought review of this ruling and the trial court’s denial of his constitutional speedy trial claim in his 2009 writ. This court reversed the trial court’s ruling and remanded the case for an evidentiary hearing to allow Appellant and his co-defendant Thomas to present evidence on the issue of prejudice from the delay in going to trial, a matter only pertinent to Appellant’s constitutional speedy trial claim. This court did not address his statutory speedy trial claim. On remand, the trial court granted the motion to quash on the constitutional *552 ground only. Although Thomas subsequently sought writs from the court’s denial of his statutory claim, which was consolidated with the State’s appeals from the granting of Patin’s and Thomas’ motions to quash based on constitutional grounds, Pa-tin did not seek review by writ at that time of the denial of his statutory claim. Thus, although this court rejected this claim as to Thomas, it had not considered Patin’s statutory speedy trial claim.
117AppeIlant Patín was originally indicted for first degree murder, a charge to which he was exposed to the death penalty. Pursuant to La.C.Cr.P. art. 578 A(l), trial for a capital case must commence within three years from the date of institution of prosecution. Nonetheless, the time periods set forth in La.C.Cr.P. art. 578 may be suspended by the filing of preliminary pleas (La.C.Cr.P. art. 580) or interrupted by: (1) the defendant’s absence for the purpose of avoiding detection, apprehension, or prosecution; (2) the State’s inability to try the defendant because he is insane, his presence cannot be obtained by legal process, or for any other reason beyond the State’s control; or (3) the defendant’s failure to appear in court at a proceeding for which he was given actual notice, proof of which is in the court record. La.C.Cr.P. art. 579.
In cases in which there is interruption, the time limitations set forth in La.C.Cr.P. art. 578 start anew. Once the time limitations set forth in La.C.Cr.P. art. 578 have expired, the trial court shall dismiss the charge upon the defendant’s filing of a motion to quash the bill. La.C.Cr.P. art. 581. As noted by this court in State v. Bell, 2002-2349, p. 9 (La.App. 4 Cir. 8/6/03), 854 So.2d 429, 434: “When a defendant brings an apparently meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limitation such that prescription will not have tolled. State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286; see also State v. Brent, 2000-0072, p. 6 (La.App. 4 Cir. 11/29/00), 775 So.2d 565, 569.” Nonetheless, according to La. C.Cr.P. art. 580, once a defendant files a motion to quash “or other preliminary plea,” the time limitations are suspended until the court rules on the motion, “but in no case shall the state have less than one year after the ruling to commence trial.”
[iSIn addition, this court has held that the delays caused by Hurricane Katrina constituted a “cause beyond the control of the State” which interrupted the time periods set forth in La.C.Cr.P. art. 578. State v. Brazile, 2006-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333. This court set June 5, 2006, as the date upon which interruption based upon Hurricane Katrina ended. State v. Francis, 2007-0480 (La.App. 4 Cir. 1/30/08), 977 So.2d 187.
In the case at hand, the grand jury returned the indictment on October 17, 2002. Appellant Patín filed his first motion to quash the indictment on October 30, 2002, thereby suspending the three-year prescriptive period to bring him to trial. He also filed a motion to adopt for all defendants any pleadings filed by any defendant. The court denied the motion to quash on January 27, 2003, thereby giving the State at least until January 27, 2004 to try him. On July 22, 2003, Appellant filed a second motion to quash, which again suspended the time period. There is no evidence in the record that the court ruled on that particular motion, but on August 20, 2003, Appellant moved to continue his trial. The motion was granted, and at that point, the State had until at least August 20, 2004 to try him. On January 30, 2004, Appellant Patín joined the State in a motion to continue his trial, giving the State until at least January 30, 2005 to try him. On April 20, 2004, Appel *553 lant Patin again moved to continue trial,' thereby granting the State until April 20, 2005, to try him. Appellant subsequently moved to continue trial on June 17, 2004, and then on January 21, 2005, he joined in a motion to continue trial, giving the State until at least January 21, 2006, to try him. Appellant Patin again moved to continue the trial on March 11, 2005, giving the State until March 11, 2006, to try him.
| TflHurricane Katrina struck New Orleans on August 29, 2005, and the time limitations of La.C.Cr.P. art. 578 were interrupted. Pursuant to Francis, time limits did not begin to run anew until June 5, 2006. Counsel withdrew, again suspending the La.C.Cr.P. art. 578 time limitations. New counsel was appointed on August 15, 2006, but that counsel withdrew on November 5, 2007, and new counsel was not appointed until January 28, 2008. On February 12, 2008, Appellant Patin moved for a continuance, which was granted and gave the State until at least February 12, 2009, to try him. On May 2, 2008, Appellant filed numerous pretrial motions (“preliminary pleas” under La.C.Cr.P. art. 580), further suspending the time period. The court ruled on some of the motions on August 18, 2008, and Appellant Patin filed more motions on March 10, 2009. On April 20, 2009, the State amended the indictment to charge him with second degree murder. At the time Patin filed his final motion to quash on August 31, 2009 (the subject of his 2009 writ), he still had outstanding pretrial motions that had suspended the time limitations of La.C.Cr. P. art. 578. Therefore, the time limitations of La.C.Cr.P. art. 578 had not tolled at the time he filed his motion to quash on August 31, 2009, and the trial court correctly denied his motion on that basis.
Regarding the constitutional speedy trial claim, and on remand from this court’s ruling, the trial court held an evidentiary hearing on February 4, 2010. At the conclusion of which it granted Appellant’s and Thomas’ motions to quash based upon constitutional grounds. Again, the State could not try the appellant, and it appealed this ruling. This court reversed the quashing of the bill of information on June 27, 2010. This gave the State until June 27, 2011, to try Appellant. In early October 2010, the Appellant Patin filed more preliminary motions, which the court denied on October 14, 2010.
12fAPPellant subsequently pled guilty under Crosby on October 18, 2010, approximately eight months before the one-year time limitation that the State obtained pursuant to La.C.Cr.P. art. 580. Thus, we find no merit in Appellant’s argument that his statutory right to a speedy trial was violated.
CONCLUSION
This court fully considered Appellant Patin’s constitutional right to speedy trial claim in the 2010 appeal, and he has presented no new evidence to show that this court erred in its 2010 ruling. Thus, pursuant to the “law of the case” doctrine, this court’s previous ruling will not be considered. Additionally, we find that Appellant Patin’s statutory speedy trial claim has no merit. We further find the trial court did not err by denying Appellant’s motion to quash based upon statutory grounds
Accordingly, the findings of the trial court are affirmed.
AFFIRMED