SANDRA CABRINA JENKINS, Judge.
| ,Darren Adams was charged by bill of information with one count of possession of hydrocodone, in violation of La. R.S. 40:967(0(2). Defendant entered a plea of not guilty, and his defense counsel filed a motion to suppress the evidence and statement. The trial court granted the motion, and the State filed a writ with this court on that ruling. This court granted the State’s writ and reversed the trial court judgment granting defendant’s motion to suppress the evidence and statement. Defendant filed an application for writ of certiorari with the Louisiana Supreme Court, which denied defendant’s writ. Defendant then entered a plea of nolo conten-dere, and reserved his right to appeal the denial of the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). *1243 The trial court sentenced defendant to two years at hard labor, suspended, one year of active probation and one year of inactive probation. Defendant now appeals his plea and sentence, and he asserts that the trial court erred by denying the motion to suppress his statement and the evidence. Because this court previously found that the trial court’s ruling that granted the motion was in error, and because Mr. Adams has not presented any further evidence to show that this court’s ruling was in error, we decline to reconsider his argument and we affirm his plea and sentence.
| .STATEMENT OF FACTS
The State of Louisiana charged Darren Adams on June 13, 2012 with one count of possession of hydrocodone, in violation of La. R.S. 40:967(0(2). Defendant failed to appear for arraignment on June 21, and the trial court forfeited his bond and issued a capias for his arrest. Defendant appeared the next day, and the trial court recalled the capias and set aside the bond forfeiture. The matter was reset several times for motions hearings. On October 25, 2012, defendant again failed to appear, and the trial court again revoked his bond and issued a capias. Defendant appeared the next day, and the trial court again recalled the capias and set aside the bond forfeiture. On November 30, the trial court heard and granted defendant’s motions to suppress the evidence and statement. The State sought writs with this court on the trial court’s November 30, 2012 rulings to suppress the statement and evidence. This court granted the State’s writ, reversing the trial court’s rulings and remanding the case for further proceedings. State v. Adams, unpub. 2012-1746 (La.App. 4 Cir. 12/21/12). The Supreme Court denied defendant’s writ from this court’s ruling. State v. Adams, 2013-0004 (La.1/3/13), 108 So.3d 758.
On January 9, 2013, defendant entered a plea of nolo contendere under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and he reserved his right to appeal the denial of his suppression motions pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant waived all delays, and the trial court sentenced him to two years at hard labor, suspended, and placed him on two years of probation, the first year active probation and the second year inactive probation. Defendant moved for an appeal on that date.
|sThe only facts of the case were developed at the suppression hearing. Detective Jamaane Roy testified that he and Detectives Johnson and Pearson were on proactive patrol on the evening of May 4, 2012. As they neared the corner of Mandeville and North Derbigny Streets sometime around 8:30 p.m., they saw two men, later identified as defendant-Darren Adams and Devanee Augustine, in a spotlight next to a store. According to Det. Roy, Mr. Augustine was sitting on some steps, rolling what appeared to be a marijuana cigar, and defendant was standing next to him. As the officers approached in their unmarked Impala, Mr. Augustine and the defendant looked up. Mr. Augustine stood up, dropped the cigar to the ground under the steps, and he and the defendant began walking away in different directions. The officers exited the police unit and detained the men. Det. Johnson retrieved the cigar,, which appeared to have marijuana inside it. Det. Roy testified that the officers advised the two men of their Miranda rights, at which time the defendant blurted that he did not have any “weed” but only had pills in his pocket. The officers handcuffed him; reached into his pocket, and retrieved a pill bottle, in which they found two pills. The officers contacted a pharmacy and described the pills, and personnel from the pharmacy told them that the pills were hydrocodone. At that time, the officers arrested the defendant for possession of hydrocodone.
*1244 On cross-examination, Det. Roy stated that the officers were on proactive patrol at the time that they observed Mr. Augustine and the defendant, and he admitted that they had received no information that day concerning the area or either man. Det. Roy also admitted that he did not see defendant with any contraband or weapons.
TERRORS PATENT
A review of the record for patent errors reveals one. There is no indication that defendant was ever arraigned and initially pled not guilty to the charge. Nonetheless, La.C.Cr.P. art. 555 provides that the failure to arraign a defendant is waived if the defendant “enters upon trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.” See State v. Foreman, 2008-0902, p. 17 (La.App. 4 Cir. 4/29/09), 10 So.3d 1288, 1247-48. Although defendant did not go to trial, the transcript of the January 9, 2013 proceeding shows that he entered a nolo contendere plea, reserving his right to appeal the suppression issue. Therefore, any error that may have occurred by the court’s failure to arraign defendant was cured when he entered his plea to the charge in the bill of information. Id.; State v. Brand, 2010-0836, p. 2 (La.App. 4 Cir. 10/6/10), 50 So.3d 868, 869.
ASSIGNMENT OF ERROR
In his sole assignment of error, defendant contends that his motions to suppress the evidence and statement should have been granted. In its response, the State argues that this court should not reconsider this issue because this court previously reversed the trial court’s ruling that granted these motions. The State seeks to invoke the “law of the case” doctrine, which this court discussed in State v. Cox, 2011-0670, p 6 (La.App. 4 Cir. 2/22/12), 85 So.3d 252, 256:
The “law of the case” doctrine is well-settled; when it is applied and the reasons for it were explained in State v. McElveen, 2010-0172, p. 13, fn. 8 (La.App. 4 Cir. 9/28/11), 73 So.3d 1033, 1054:
The “law of the case” doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal [ ¿¡process. See Pumphrey v. City of New Orleans, 2005-0979 (La.4/4/06), 925 So.2d 1202. This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the “law of the case” doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). This doctrine is not an inflexible law; thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous.
See also State v. Scoggins, 2010-0869, p. 19 (La.App. 4 Cir. 6/17/11), 70 So.3d 145, 156.
In Cox, as here, the trial court granted the defendant’s motion to suppress. The State took writs, and this court reversed the trial court’s ruling. On remand, the defendant withdrew his not guilty plea and pled guilty under Crosby, reserving his right to appeal the denial of his motion to suppress the evidence. No new testimony was tak *1245 en, nor were any new arguments or pleadings filed. On appeal, this court applied the “law of the case” and refused to revisit the issue of the suppression of the evidence.
In McElveen, from which this court quoted in Cox, the defendants argued that the trial court erred by excluding evidence that the defendants contended would impeach the credibility of a State’s witness. This court refused to consider the argument, noting that it had already ruled on the matter in a pretrial writ from the State, and the defendants had presented no new evidence to show that this | ^court’s earlier ruling was in error. Likewise, in Scoggins, also cited in Cox, the defendant alleged that the trial court erred by allowing and then limiting testimony in violation of the “clergyman’s privilege.” This court refused to reconsider the claim, noting that it had been considered both by this court and the Supreme Court pretrial, and the defendant had not presented any new evidence to convince this court that it erred in its earlier ruling.
Here, as in Cox, this court reversed the trial court’s rulings that suppressed the evidence and statement. On remand, after the Supreme Court denied defendant’s subsequent writ, defendant merely entered his nolo contendere plea to the charge, reserving his right under State v. Crosby to appeal the ruling on his motions to suppress. Defendant presented no new evidence to convince this court that it erred in its earlier ruling. Thus, as in Cox, we decline to reconsider our earlier ruling.
Accordingly, we affirm Darren Adams’ plea and sentence for possession of hydro-codone.
AFFIRMED.